**The Ethical Practices Attorney - IUOE Local 14-14B**

**George A. Stamboulidis, Esq.**
**Baker & Hostetler LLP**
**45 Rockefeller Plaza**
**New York, NY 10111**
**T: 212-589-4211**
**F: 212-589-4201**
**E: gstamboulidis@bakerlaw.com**

December 20, 2011

**BY ECF**

The Honorable Carol Bagley Amon, Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Vario v. Local 14-14B of the Int'l Union of Operating Eng'rs, et al., No. 11-5648*

Dear Chief Judge Amon:

We respectfully request a pre-motion conference concerning a motion by Local 14's Ethical Practices Attorney ("EPA") to dismiss the Complaint in the above-referenced action under Fed. R. Civ. P. 12(b)(1) and (b)(6) on the grounds that this Court lacks subject matter jurisdiction over Plaintiff Thomas Vario's claim, any claim Plaintiff could have is time-barred, Plaintiff otherwise does not and cannot state a claim against the EPA, and Plaintiff has elected to pursue his claim with the New York State Division of Human Rights ("NYSDHR").

## I. BACKGROUND

In an effort to eradicate corruption within Local 14 and the construction industry, the U.S. Attorney's Offices for the Eastern and Southern Districts of New York brought multiple criminal cases between 2003 and 2005 against, among others, members and associates of organized crime, and officers and members of Locals 14 and 15. On July 25, 2008, the U.S. Attorney's Office for the Eastern District of New York filed a civil RICO action against Local 14 to eradicate the remaining organized crime and corruptive influences in the Local, resulting in the parties entering into the Consent Decree on the same day, pursuant to which the EPA was appointed on November 24, 2009. The Consent Decree provides the EPA with broad powers to "eliminate the influence of Corruption from Local 14." Consent Decree § IV(B)(1).

Plaintiff claims that Local 14 and the EPA "breached their duty of fair representation" by denying him an application to apply for Local 14 membership. Compl. ¶ 1. Plaintiff alleges that at some point before February 1, 2011, he was denied an application for membership for the stated reason that he "was allegedly connected with organized crime." *Id.* at ¶ 36. Plaintiff, who

admits that his uncle is associated with "an organized crime group," further makes the conclusory allegations that "[a]s a result of Defendants' denial of membership, Defendants breached their duty of fair representation" and caused him economic injury in that he "has difficulty obtaining employment" and on "numerous" but unspecified occasions was dismissed from jobs at Local 14's direction and replaced with union members. *Id.* at ¶¶ 48, 54-67. The Complaint's allegations as to the EPA are only that the EPA has been appointed and granted powers under the Consent Decree, his purpose is "to ensure the fairness of the Union's job referral process," and, on or about February 1, 2011, Plaintiff's attorney wrote a letter to the EPA seeking to "resolve the situation" regarding Plaintiff's membership status. *Id.* at ¶¶ 15, 16, 36.

## II. PLAINTIFF'S CLAIM IS PREEMPTED BY THE NLRA

It is black letter law that "[a]s a general rule, federal courts do not have jurisdiction over activity which is arguably subject to § 7 or § 8 of the [NLRA] and they must defer to the exclusive competence of the National Labor Relations Board." *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982) (internal quotations omitted). This Court therefore lacks subject matter jurisdiction over Plaintiff's claim that the union has engaged in an unfair labor practice by denying him union membership. *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1254 (2d Cir. 1970).

Plaintiff invokes the concept of "breach of duty of fair representation," *see* Compl. ¶¶ 1, 66, but the right to union membership is not equivalent to the right of fair representation. *Abrams*, 434 F.2d at 1254. A union's duty of fair representation—and an individual's right to claim its breach—arises from a union's exclusive power to represent all employees in a particular bargaining unit, thus depriving individuals of traditional claims for redress. *See Vaca v. Sipes*, 386 U.S. 171, 179-80 (1967). It is distinct from the right to union membership, as the duty of fair representation "extends to union members and non-members alike, so long as the employees are in the bargaining unit." *Abrams*, 434 F.2d at 1254. Here, Plaintiff articulates no dispute with employer signatories to a collective bargaining agreement, much less a related failure of representation by the union, and makes only conclusory and vague reference to any actions the Local might have taken against him on job sites. His alleged injury is rather an unfair denial of union membership under Section 8 of the NLRA, a claim that this Court lacks subject matter jurisdiction to hear. *Kaiser Steel Corp.* 455 U.S. at 83; *Abrams*, 434 F.2d at 1254, n.16.

## III. PLAINTIFF CAN STATE NO COGNIZABLE CLAIM AGAINST THE EPA

### A. Plaintiff's Claim Is Untimely

Even if Plaintiff stated a claim for breach of duty of fair representation cognizable under § 301 of the NLRA, any such claim must be brought within six months of the time the plaintiff knows of the allegations that form the basis of his complaint. *Carrion v. Enter. Ass'n*, 227 F.3d 29, 32 (2d Cir. 2000). A claim seeking relief for unfair labor practices under Section 8 must similarly be brought to the NLRB within six months. 29 U.S.C. § 160(b). Plaintiff alleges that he learned at some point prior to February 1, 2011, more than nine months before he filed this suit, that he was being denied an application for union membership on the basis of alleged connection to organized crime. Accordingly, Plaintiff's claim is time barred.

    ### B. The EPA Enjoys Absolute Quasi-Judicial Immunity

Moreover, the EPA is entitled to absolute quasi-judicial immunity in his role as court-appointed monitor overseeing and implementing a court-ordered consent decree, both under the express terms of the Consent Decree and as a matter of Second Circuit law. *See* Consent Decree § XIV(A); *Quitoriano v. Raff & Becker, LLP*, 675 F.Supp.2d 444, 451 (S.D.N.Y. 2009) (applying judicial immunity to court appointed monitor accused by union member of Title VII discrimination); *Anderson v. Conboy* No. 94-9159, 1997 WL 177890, at *7-8 (S.D.N.Y. 1997), *rev'd on other grounds*, 156 F.3d 167 (2d Cir. 1998) (court-appointed monitor immune from any damages resulting from conduct within the scope of his responsibilities under the consent decree). As Plaintiff fails to allege any action by the EPA, much less that the EPA acted outside the scope of his responsibilities under the Consent Decree, Plaintiff's case should be dismissed.

### C. The EPA Is Not A Labor Organization Or Employer

In any event, the EPA cannot be liable to Plaintiff under the NLRA, as the statute only regulates the conduct of labor organizations and employers and does not purport to reach court-appointed monitors overseeing labor union consent decrees. In any case, Plaintiff does not allege that the EPA entered into any collective bargaining agreements with Plaintiff's employers, represented any bargaining unit, or took any action with respect to Plaintiff's employment or Local 14 membership application. Plaintiff also fails to allege that the EPA acted as the Local's agent in any of these functions, nor can he because the EPA is an independent monitor whose duty runs to the Court that appointed him. In fact, Plaintiff fails to satisfy Fed. R. Civ. P. 8 as, at best, the Complaint is an impermissible group pleading, lumping defendants together without providing any factual basis to distinguish their conduct. *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 33-4 (2d Cir. 2001).

## IV. PLAINTIFF'S CLAIM IS PRECLUDED BY HIS NYSDHR ELECTION

Finally, Plaintiff filed a complaint against Local 14 with NYSDHR on November 10, 2011 based on the same facts alleged here, which remains pending. Verified Complaint, *Vario v. Int'l Union of Operating Eng'rs Local 14-14B*, No. 10152033 (N.Y. State Div. of Human Rights filed Nov. 10, 2011). Having elected to pursue his remedy in that forum, Plaintiff is barred from bringing proceedings in another forum for any claim arising out of the same facts. *Wiercinski v. Mangia 57, Inc.*, No. 09-4413, 2010 WL 2681168, at *2-3 (E.D.N.Y. July 2, 2010). The fact that Plaintiff did not name the EPA in his NYSDHR claim as he does now is irrelevant. *See id.*

The EPA accordingly requests a pre-motion conference to establish a briefing schedule for the EPA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted,

George A. Stamboulidis

cc: Anthony J. Colleluori, Esq. (by ECF)
*Counsel for Plaintiff Thomas Vario*

James M. Steinberg, Esq. (by email)
*Counsel for Defendant Local 14-14B of the International Union of Operating Engineers*

Richard K. Hayes (by email)
*Assistant United States Attorney*
*United States Attorney's Office*
*Eastern District of New York*