LAW OFFICES OF
ANTHONY J. COLLELUORI
        & ASSOCIATES , PLLC

68 South Service Road, Suite 100                          Tel: (516) 741-3400
Melville, NY 11747                                        Fax: (631) 414-7549
                                            Email – CATLAW1@YAHOO.COM


                              December 21, 2011


The Honorable Carol Bagley Amon, Chief Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

           **RE: VARIO v. LOCAL14-14B of the Int's Union of Operating Eng'rs,**
                          **Case no. 11-cv-5648**

Dear Judge Amon,

This office represents Plaintiff Thomas Vario in the above referenced matter.

We write to the Court in response to the letter by Defendant George Stamboulidis requesting the dismissal of the Complaint under FRCP Rule 12(b)(1) and 12(b)(6).

                      **MR. VARIO's CLAIM IS TIMELY**

In his complaint, Mr. Vario alleges one and only cause of action: a breach of duty of fair representation. The complaint states that in February 1, 2011, Mr. Vario's attorney submitted a letter to Defendant Stamboulidis requesting to clarify the status of Mr. Vario's application for union membership. Compl. ¶ 36.  At that time, Mr. Vario was not informed by Defendants that his membership was denied because of his "alleged" criminal connections. In fact, Defendntas never afforded Mr. Vario a courtesy of a letter, a hearing, or verbal explanation as to why Mr. Vario was never provided with an application form. At that point in time Defendants never stated that they would not provide the form: merely, when Mr. Vario would request the form, they would refer him to Defendant Stamboulidis . Hence, Mr. Vario hired an attorney to request the form in a formal manner. The denial of Mr. Vario's request was received only on or about August 4, 2011.  Hence, the statute of limitations did not start running until August 4, 2011. Throughout all the relevant times, until August 4, 2011 <u>nobody</u> could provide Mr. Vario with an answer as to whether he will receive the form, and if so when. In fact, from the Defendant Stamboulidis' letter it evinces that he made a decision not to provide Mr. Vario with a membership form, but he has never admitted that he made this decision, and now, as he did before, he is trying to hide behind  vague phrases to avoid responsibility for his arbitrarily and capricious decisions and abuse of power entrusted in him.

           **THE COURT HAS JURISDICTION OF THE BREACH OF DUTY OF FAIR**
                          **REPRESENTATION CLAIM**

        Further, in his letter, Defendant Stamboulidis argues that the court lacks subject matter jurisdiction over the Mr. Vario's duty of fair representation cause of action. This is hardly so. The claim

                                   1

at issue stems from judicial interpretation of statutes, and "the courts have jealously guarded their jurisdiction over DFR cases." Jacoby v. National Labor Relations Board, 325 F.3d 301 (D.C.Cir., 2003). This has occurred in part to ensure that individual employees retain all of the protections that the DFR is designed to afford. As the U.S. Supreme Court noted in Vaca, infra :

> Were we to hold … that the courts are foreclosed by [Miranda Fuel] from this traditional supervisory jurisdiction, the individual employee injured by arbitrary or discriminatory union conduct could no longer be assured of impartial review of his complaint, since the Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint. The existence of even a small group of cases in which the Board would be unwilling or unable to remedy a union's breach of duty would frustrate the basic purposes underlying the duty of fair representation doctrine.

Vaca v. Sipes, 386 U.S. 171, 182-183 (1967).

The claim of breach of duty of fair representation is pled sufficiently in the complaint to invoke this Court's jurisdiction. For example, in ¶58 Plaintiff alleges that Local 14-14B owes a duty to represent all employees in the bargaining union. Further, in ¶60 Plaintiff alleges that Defendants' arbitrary and capricious actions against Mr. Vario caused employers to discriminate against him. The fact that Defendant Stamboulidis would like to interpret the facts yet again in his favor to avoid responsibility for his poor decisions, does not invalidates case law that stated that courts do have jurisdiction over claims like Mr. Vario's. Please note that there is a dichotomy in handling such law suits between the courts and the NBLR:

> "Although the DFR did not initially emanate as an ULP under the NLRA, the Board eventually came to accept the idea that, separate and apart from DFR actions that commence with a lawsuit, the Board could enforce a DFR pursuant to its authority to identify and remedy ULPs under the NLRA. The Board first enunciated a DFR under the NLRA in Teamsters (Ind.) Local 553 (Miranda Fuel Co., Inc.), 140 N.L.R.B. 181 (1962), enforcement denied, 326 F.2d 172 (2d Cir. 1963). There, the Board held that a union breaches the DFR by "taking action against any employee upon considerations or classifications which are irrelevant, invidious or unfair." 140 N.L.R.B. at 185. In both Vaca, 386 U.S. at 181, and Humphrey v. Moore, 375 U.S. 335, 344, 11 L. Ed. 2d 370, 84 S. Ct. 363 (1964), the Supreme Court noted, without approval or disapproval, the DFR doctrine enunciated by the Board in Miranda Fuel. The Court merely observed that, "when the Board declared in Miranda Fuel that a union's breach of its duty of fair representation would … be treated as an unfair labor practice, the Board adopted and applied the doctrine as it had been developed by the federal courts." Vaca, 386 U.S. at 181 (citation omitted)."

See Jacoby v. National Labor Relations Board, 325 F.3d 301 (D.C.Cir., 2003).: It is too late in the day for this court to rip apart the fabric of DFR jurisprudence under the NLRA. Miranda Fuel and subsequent decisions have inferred a basis for the DFR from § 7, coupled

with §§ 8(b)(1)(A) or (b)(2). <u>International Asso. of Bridge, etc., Local No. 433</u>, 266 N.L.R.B. 154 (1983); <u>Local 282, International Brotherhood of Teamsters, etc.</u>, 267 N.L.R.B. at 1131. And the lower federal courts now routinely accept the Board's jurisdiction to rule on DFR charges as part of the agency's statutory enforcement authority. See, e.g., <u>Finerty v. NLRB</u>, 324 U.S. App. D.C. 346, 113 F.3d 1288 (D.C. Cir. 1997)).

### PLAINTIFF CLAIM IS NOT PRECLUDED BY NYSDHR ELECTION

Moreover, Mr. Vario has not yet brought his Federal human rights claims, because he is obligated by law to exhaust administrative remedies. <u>Canty v. Wackenhut Corrections Corp.</u>, 255F.Supp.2d 113, 116 (E.D.N.Y. 2003).  A DFR claim, however, does not require exhaustion of administrative remedies. <u>See</u> <u>Moore v. Roadway Express, Inc.</u>, No. 07-CV-977, 2008 U.S. Dist. LEXIS 64886, 2008 WL 819049, at *8 (E.D.N.Y. Mar. 25, 2008)  (citing <u>Marquez v. Screen Actors Guild, Inc.</u>, 525 U.S. 33, 51, 119 S. Ct. 292, 142 L. Ed. 2d 242 (1998)).[1]

In addition, when the time comes, Mr. Vario probably will not submit for review an administrative decision of the SDHR in unlikely event of dismissal of his human rights claims by the division, and the Federal court will have jurisdiction to review Title VII claims *de novo*. Finally, the election of remedy doctrine does not go beyond the human rights law claims: so far we were unable to locate such a precedent. A dismissed administrative complaint bars only State and City human rights claims based on fairly the same facts. Unreviewed Federal claims survive.  As such an complaint with the NYSDH does not preclude Mr. Vario from bringing and litigating his claim of breach of duty of fair representation. Finally, as Defendant Stamboulidis pointed out he is not a party in the action filed by Mr. Vario with the SDHR and without doubts can be a party in this action.

### DEFENDANT STAMBOULIDIS IS NOT ENTITLED TO IMMUNITY

By virtue of the Consent Decree, Defendant Stamboulidis *de facto* serves as an agent of the Local 14-14B. Moreover, Defendant Stamboulidis' actions were outside the scope of his responsibilities under the Consent Decree when he, arbitrarily and capriciously, and without a hearing or explanation instructed the Local 14-14B not to provide Mr. Vario with the membership application.

---

[1] Adam Wiercinski, unlike Thomas Vario, after voluntarily withdrawing his SDHR complaint, filed a human rights action in federal court alleging violations of State, City and Federal human rights law. Judge Glasser, consistent with the current case law, held that Adam was precluded from resubmitting human rights claims under <u>State and City</u> laws pursuant to the doctrine of election of remedies. Needless to say that such a ruling is entirely within the frames of the law and case law: even though State and Federal statutes mirror each other, the claims under the State law will be prohibited from resubmission if they were dismissed by the SDHR. However, unreviewed by the court Federal claims, even though identical and based on the same facts, will survive. In fact, Adam's case is scheduled for trial, and it is very likely that he will prevail. It would have been a mistake on his part to withdraw his Federal claims.

Plaintiff requests  that the Court deny Defendant Stamboulidis' application as futile.

Sincerely,

Respectfully submitted,                    /s_____

Anthony J. Colleluori, Esq.(ac-9103)
Attorneys for Defendants
68 South Service Road, Suite 100
Melville, NY 11747
Tel. 516-741-3400


## DECLARATION OF SERVICE

I hereby certify that on December 21, 2011, I caused the foregoing LETTER REGARDING MOTION TO DISMISS filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


To:

James M. Steinberg
james@bradymcguiresteinberg.com


George Stamboulidis
gstamboulidis@bakerlaw.com