# BRADY McGUIRE & STEINBERG, P.C.

ATTORNEYS-AT-LAW

303 SOUTH BROADWAY

SUITE 234

TARRYTOWN, NEW YORK 10591

TELEPHONE NO. (914) 478-4293

TELECOPY NO. (914) 478-4142

WWW.BRADYMCGUIRESTEINBERG.COM

Direct EMAIL james@bradymcguiresteinberg.com

MATTHEW G. McGUIRE*
JAMES M. STEINBERG*

*ADMITTED IN NEW YORK AND NEW JERSEY

ROBERT D. BRADY
RETIRED

BEVERLY G. ROSELL-CASADO
LEGAL ASSISTANT

December 21, 2011

<u>Via ECF Filing Only</u>

The Honorable Carol Bagley Amon
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    Thomas Vario v. Local 14-14B of the International Union of
            Operating Engineers and George Stamboulidis
            Civil Case No. CV-11-5648 (CBA) (RER)

Dear Judge Amon:

      Our office represents Defendant International Union of Operating Engineers Local 14-14B, AFL-CIO ("Local 14") in connection with the above-captioned matter and we submit this letter in accordance with Your Honor's individual rules to request a pre-motion conference for the purpose of dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6). From reviewing the Complaint, Your Honor will notice that the essence of Plaintiff's claim is that by allegedly discriminating against him as a result of his Italian origin, Local 14 has breached its duty of fair representation in denying him membership in the organization. <u>See</u> Complaint at paras. 40, 47, 49, 55, 57 and 64. For the reasons explained hereafter, Defendant Local 14 respectfully requests that a briefing schedule be established for its motion to dismiss.

**This Action Should be Dismissed Because Plaintiff Chose the N.Y.S. Division of**
**<u>Human Rights as His Initial Forum for Determining His Discrimination Claim</u>**

      In addition to having filed this action on November 18, 2011, Plaintiff also filed a charge with the New York State Division of Human Rights ("DHR") on November 10, 2011 in which he alleges that Local 14 and its Ethical Practices Attorney George A. Stamboulidis[1] "illegally discriminated against me based on my [Italian] place of origin" in denying his application for union membership. <u>See</u> DHR Complaint at para. 26 (Case No. 10152033). It is respectfully submitted that although the DHR Complaint has been filed to address a potential Title VII claim

---

[1] Defendant Local 14 respectfully directs Your Honor's attention to the pre-motion letter of EPA Stambouldis dated December 20, 2011, for an explanation of his responsibilities under the Consent Decree entered into between Local 14 and the U.S. Attorney's Office.

and the federal Complaint has been filed to address an alleged breach of the duty of fair representation, both actions arise out of the same exact events and Plaintiff complains of the same exact conduct in both actions -- *that he has been discriminated against because of his Italian origin.*

In accordance with the Election of Remedies standard articulated in numerous Second Circuit and Eastern District cases, this Court lacks subject matter jurisdiction since Plaintiff chose DHR as the initial forum to address the discrimination claim.[2] See Saunders v. NYC Department of Education, 07-CIV-2725, 2010 WL 2816321 at *8 (E.D.N.Y. July 15, 2010) ("the doctrine 'is not limited to precise claims brought in the administrative proceeding but extends to all claims arising out of the same events'" *quoting* Wiercinski v. Mangia 57, Inc., 09-CIV-4413, 2010 WL 2681168 (E.D.N.Y. July 2, 2010)); Wiercinski, No. 09-4413, slip op. at 5 ("[Plaintiff] now also brings a standalone claim for unlawful discrimination, but this claim complains of the exact conduct that was the subject of his NYSDHR complaints. Thus, all of [Plaintiff's] state and city claims are procedurally barred by New York's election of remedies doctrine."); see also Borum v. Village of Hempstead, 590 F.Supp.2d 376, 383 (E.D.N.Y. 2008) ("Here, the incident of discrimination is identical, and Plaintiff may not be allowed to split her claims into those she wishes to pursue before the Agency and those that she wishes to pursue in court."). As a result of Plaintiff's decision to initially file his claim with DHR, he must avail himself to this agency for the purpose of a determining whether discrimination has occurred. Otherwise, if this case is allowed to continue, conflicting findings on the discrimination issue could result.

**Assuming *Arguendo* that an Election of Remedies Issue Has Not Arisen, the Action is Still Ripe for a Motion to Dismiss Because Defendant Local 14 has Neither Breached the Duty of Fair Representation Nor Engaged in an Unfair Labor Practice**

The Complaint, while alleging a breach of the duty of fair representation ("DFR") should also be read as implying a violation of the National Labor Relations Act, and therefore, a claimed unfair labor practice ("ULP") against Defendant Local 14 since throughout the document these terms are used interchangeably. See Complaint at paras. 54, 58-66. However, regardless of how Plaintiff has attempted to frame his cause of action, the Complaint still fails to state a cause of action and it will not survive a motion to dismiss.

As concerning Plaintiff's interchangeable DFR/ULP claim, this court lacks subject matter jurisdiction because matters invoking Sections 7 and 8 of the NLRA "must defer to the exclusive competence of the National Labor Relations Board." See Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 83 (1982). Assuming the Complaint is read as one properly alleging a DFR breach, it must still be dismissed because Plaintiff does not enjoy the "bargaining unit" status which would permit him to allege a DFR breach. Abrams v. Carrier Corp., 434 F.2d 1234, 1254 (2d Cir. 1970). In Cantwell v. Special & Superior Officers Benevolent Assoc., No. 07-1154, slip op. at 4 (E.D.N.Y. Mar. 23, 2011), Judge Vitaliano explained the DFR standard:

---

[2] Your Honor is advised that the undersigned and Plaintiff's counsel did engaged in a professional correspondence dialogue on this issue prior to the submission of this pre-motion letter and the parties obviously have different positions on this issue.

The duty of fair representation requires a union to represent the interests of all members during the negotiation, administration and enforcement of collective bargaining agreements without acting arbitrarily, discriminatorily or in bad faith. (Citation omitted.)

However, union actions that neither involve the employer nor have an effect on the conditions of employment are considered internal union matters, excluded from the duty of fair representation.

In this action, Plaintiff has alleged that Defendant Local 14's denial of his request for membership consideration is the result of discriminatory conduct. However, the Complaint articulates standards and allegations which define the cause of action as a DFR breach and an ULP. See Complaint at paras. 64 and 66. Since the alleged discriminatory conduct and denial of union membership do not involve an employer nor the negotiation, administration or enforcement of a collective bargaining agreement[3] and instead rest upon internal standards for membership consideration, neither a DFR nor an ULP claim exists and a basis for the dismissal of the Complaint exists. See Wallace v. Int'l Org. of Masters, Mates & Pilots, 547 F. Supp. 155, 156 (S.D.N.Y. 1982) ("There is no absolute right of admission to the union.").

### Assuming *Arguendo* that the Court Finds that a DFR or ULP Claim Exists, the Statute of Limitations for Same Has Already Expired

The instant action is governed by a six-month statute of limitations since Plaintiff claims that Defendant Local 14 has engaged in a breach of the duty of fair representation it purportedly owed to him. See Del Costello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 171-72 (1983). In Del Costello, the United States Supreme Court stated that the six-month statute of limitations articulated in Section 10(b) of the NLRA must be borrowed whenever a DFR or ULP claim is alleged. Id. Herein, Plaintiff states in the Complaint that Defendant Local 14 denied his request for an application for membership in 2011 and that on or about February 1, 2011, Plaintiff's counsel filed a letter request with EPA Stamboulidis asking that he resolve the situation. See Complaint at paras. 35 & 36. Regardless of this request, the statute of limitations applicable to this action began to run no later than this February 1st date which Plaintiff has represented to the Court. Accordingly, the latest he may have filed this Complaint was August 1, 2011. Since the Complaint was not filed until November 18, 2011, the six-month statute of limitations has expired and the action should be dismissed for this reason alone.

Respectfully submitted,

James M. Steinberg (JS-3515)

Cc:    George A. Stamboulidis, Esq.
       Patrick T. Campbell, Esq.
       Anthony J. Colleluori, Esq.

---

[3] A DFR claim arises when a union breaches a duty owed to all individuals in the unit of employees subject to the terms of a negotiated collective bargaining agreement. See Vaca v. Sipes, 386 U.S. 171, 177 (1967).