**THE ETHICAL PRACTICES ATTORNEY – IUOE LOCAL 14-14B**
George A. Stamboulidis, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4211
Facsimile: (212) 589-4201
Email: gstamboulidis@bakerlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THOMAS VARIO,<br><br>                        Plaintiff,<br><br>             v.<br><br>LOCAL 14-14B OF THE INTERNATIONAL<br>UNION OF OPERATING ENGINEERS, and<br>GEORGE STAMBOULIDIS,<br><br>                        Defendants. | Civil Action No. 11-cv-5648-SJ-JMA<br><br>ECF CASE |

**DECLARATION OF GEORGE A. STAMBOULIDIS IN SUPPORT OF**
**THE EPA'S MOTION TO DISMISS THE COMPLAINT**

I, George A. Stamboulidis, hereby declare as follows:

I am the court-appointed Ethical Practices Attorney (the "EPA") of the International

Union of Operating Engineers Local 14-14B ("Local 14"), and a partner in Baker & Hostetler

LLP.  I make this declaration to submit the following documents in support of the EPA's Motion

to Dismiss the Complaint.

Exhibit A is a copy of the Consent Decree and Judgment entered into by the United States

Attorney's Office for the Eastern District of New York and Local 14, and So-Ordered by Hon.

Sterling Johnson, Jr., United States District Court Judge for the Eastern District of New York, in

the case titled *United States v. Local 14-14B of the Int'l Union of Operating Eng'rs,* No. 08-3046

(E.D.N.Y. July 25, 2008); and

Exhibit B is a copy of the Verified Complaint filed by plaintiff with the New York State

Division of Human Rights in the case titled *Vario v. Int'l Union of Operating Eng'rs Local 14-*

*14B*, No. 10152033 (N.Y. State Div. of Human Rights).

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury, that the

foregoing statements made by me are true and correct.

Dated: New York, New York
      January 20, 2012

THE ETHICAL PRACTICES ATTORNEY –
LOCAL 14-14B

BY:  */s/ George A. Stamboulidis*
George A. Stamboulidis
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: gstamboulidis@bakerlaw.com

Of Counsel:

Lauren J. Resnick, Esq.
Email: lresnick@bakerlaw.com
Patrick T. Campbell, Esq.
Email: pcampbell@bakerlaw.com
Denise D. Vasel, Esq.
Email: dvasel@bakerlaw.com
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for George A. Stamboulidis, Esq.,*
*Ethical Practices Attorney for Local 14-14B of*
*the International Union of Operating*
*Engineers*

# Exhibit A

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT, E.D. N.Y.

★ AUG 1 1 2008 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

              Plaintiff,

   -against-

LOCAL 14-14B OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
AFL-CIO,

              Defendant.
----------------------------------------------------X

**CONSENT DECREE AND JUDGMENT**

Civil Action No. 08-3046

(Johnson, J.)

(Azrack, M.J.)

WHEREAS, plaintiff United States of America ("United States") commenced this

lawsuit on July 25, 2008, by filing a complaint pursuant to the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), against Local 14-14B ("Local 14") of the

International Union of Operating Engineers (the "IUOE"), seeking civil remedies pursuant to 18

U.S.C. § 1964; and

WHEREAS, for some time, the construction industry in New York City has been

infiltrated, controlled, influenced and corrupted by La Cosa Nostra ("LCN") families; and

WHEREAS, the United States has alleged that since at least 1981, two LCN families, the

Columbo and Genovese Organized Crime Families, have exercised corrupt influence within

Local 14; and

WHEREAS, twenty-six (26) officers, representatives and members of Local 14 have

been convicted of labor racketeering, *see United States v. Joel J. Cacace, Sr.*, Cr. No. 03-191

(E.D.N.Y.) (Johnson, J.); *United States v. Muscarella*, No. 03 Crim. 229 (S.D.N.Y.) (Buchwald,

J.); and

WHEREAS, prior to the commencement of this action, in response to the indictments

1

in *Cacace* and *Muscarella*, the IUOE and Local 14 undertook several steps to address the issue of corrupt influence within Local 14; and

WHEREAS, the steps taken by Local 14 included, but were not limited to, a retesting program administered to the membership of Local 14B by an independent, third-party entity which certified the results of each member's backhoe performance precision excavating practical examination and resulted in certain work limitations being applied to those members of Local 14B who failed any of the skills evaluated in accordance with this retesting program; and

WHEREAS, the United States acknowledges that Local 14 represents that it has revised, memorialized and computerized its job referral process; and

WHEREAS, the IUOE has entered into a separate agreement with the United States which guarantees that the IUOE will assist Local 14, if necessary, in funding an escrow account, as defined in Section VI.C.1., *infra*, for the payment of the compensation and expenses of the Ethical Practices Attorney and Hearing Officer; and

WHEREAS, the United States and Local 14 recognize that additional steps need to be taken to assure that their mutual goal of eliminating the potential for corrupt influence within Local 14 is achieved; and

WHEREAS, the primary purpose of Local 14 is to serve as an effective bargaining agent and representative of its membership; and

WHEREAS, the United States and Local 14 have agreed to the entry of this Consent Decree and Judgment ("Consent Decree") in order to eradicate Corruption (as defined herein) and any organized crime influence within Local 14 while preserving the Local's strength and autonomy as the bargaining agent and representative of its membership; and

WHEREAS, the United States and Local 14 understand and agree that Local 14's delegation of authority to the court-appointed officers (as referenced *infra*) to conduct disciplinary proceedings and take disciplinary action includes the full extent of authority that Local 14 has under the IUOE Constitution, including but not limited to Article XXIV of the IUOE Constitution and Local 14's By-Laws, including but not limited to Articles II and VIII of the By-Laws, including the authority that Local 14 has to conduct disciplinary proceedings and take disciplinary action against members of Local 14, the IUOE or any other IUOE local union for conduct constituting Corruption (as defined at Section II.C., *infra*) concerning Local 14; and

WHEREAS, the United States, and Local 14 wish to settle this litigation, pursuant to the terms of this Consent Decree.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

I.     JURISDICTION.

A.     The United States District Court for the Eastern District of New York (hereinafter, the "District Court") has jurisdiction over this action pursuant 18 U.S.C. § 1964(a).

B.     For the purposes of this Consent Decree, and the enforcement of the terms of this Consent Decree, Local 14 consents to the District Court's exercise of jurisdiction.  To aid and protect the jurisdiction of the District Court, any claim, action, application or other proceeding concerning any provision of this Consent Decree shall be brought before, or removed to, the District Court.

C.     The District Court shall retain exclusive jurisdiction to supervise implementation of this Consent Decree and shall have exclusive jurisdiction to decide any and all issues arising under this Consent Decree.

D.     This Consent Decree is binding upon all persons who have or may have any

3

connection to Local 14, including but not limited to current and future officers, agents,

employees, representatives, members and persons holding positions of trust in Local 14.

II.    DEFINITIONS.

      A.    "Ethical Practices Attorney" shall refer to the Ethical Practices Attorney whose

powers and duties are set forth in Section IV.B. herein.

      B.    "Hearing Officer" shall refer to the Hearing Officer whose powers and duties are

set forth in Section V.B. herein.

      C.    "Corruption" shall include, but not be limited to:

      (1)    Engaging in conduct which constitutes or furthers an act of racketeering as enumerated or defined in 18 U.S.C. § 1961 (1);

      (2)    Knowingly associating with any member, associate, or other individual involved with any organized criminal group, including any LCN family, or knowingly associating with any Barred Person;

      (3)    Obstructing the work of the Court-appointed Ethical Practices Attorney and Hearing Officer, described herein, or the implementation of any other relief that may be imposed in this case;

      (4)    Knowingly permitting, aiding or abetting any member or associate of the LCN, or any other organized criminal group, to exercise control or influence in the conduct of Local 14's affairs;

      (5)    Any violation of federal or state law involving the operation of a "labor organization" as that term is defined in 29 U.S.C. § 402 (i) and (j) which could serve as the basis of a criminal charge under federal or state law;

      (6)    Any violation of federal or state law involving an "employee welfare plan" or an "employee pension benefit plan" as those terms are defined in the Employee Retirement Income Security Act 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* which could serve as the basis of a criminal charge under federal or state law; and

      (7)    Any act or inaction which furthers the influence of any organized criminal group.

      D.  "Corruption Concerning Local 14" shall mean "Corruption," as defined herein:

      (1) in which any officer, member or employee of the IUOE or any IUOE Local engages or participates involving all matters within the craft jurisdiction, governance, operation and/or administration of Local 14, including as provided for under the IUOE Constitution, Local 14 By-Laws, and Local 14 Charter; or
      (2) in which any officer, member or employee of the IUOE or any IUOE Local engages or participates with any officer, member or employee of Local 14; or

(3) engaged in by any Local 14 officer, member, or employee regardless of whether the Corruption otherwise involves any matter within the craft jurisdiction, governance, operation and/or administration of Local 14, including as provided for under the IUOE Constitution, Local 14 By-Laws, and Local 14 Charter; and

which may take place outside Local 14's geographic or territorial jurisdiction.

E.  "Knowingly associating" shall mean that: (1) a person whose conduct is subject to the provisions of this Consent Decree knew or should have known that the person with whom he or she was associating is a Barred Person and (2) the association was more than fleeting or casual.  Nothing in this definition shall preclude a person whose conduct is subject to the provisions of this Consent Decree: (a) from meeting or communicating with a Barred Person who is an employer to discuss the negotiation, execution or management of a collective bargaining agreement, or a labor dispute, when the person whose conduct is subject to the provisions of this Consent Decree represents, seeks to represent, or would admit to membership the employees of that employer; (b) from meeting or communicating with a Barred Person who is a representative of a labor organization to discuss legitimate union matters; (c) from meeting or communicating with an officer, employee, or member of the IUOE and its affiliated entities; and (d) from meeting or communicating with a relative by blood or marriage for solely social purposes. As used in this paragraph, the term "relative" shall mean lineal descendent, stepchild, ancestor, sibling, or spouse or child of a lineal descendent, step child, ancestor, or sibling.  In all instances described in (a)-(d) of this paragraph, reasonable prior notice of such meeting or communication shall be provided to the Ethical Practices Attorney or, if prior notice is not practicable, such notice shall be provided within seven days following the meeting or communication.

F.  A "Barred Person" is: (1) any member or associate of any LCN family or any

5

other organized criminal group; or (2) any person prohibited from participating in the affairs of any labor organization, employee welfare benefit plan or pension benefit plan affairs.

       G.     Local 14 is and was, at all times relevant hereto, a labor organization, as that term is defined in 29 U.S.C. §§ 402 (i) and (j), which represents employees of businesses engaged in industries affecting interstate and foreign commerce.  Local 14 represents its membership in heavy construction and building construction industries within the five boroughs of New York City, including Brooklyn and Staten Island.  Local 14's principal place of business is 141-57 Northern Boulevard, Flushing, New York 11354.  Local 14 acts through its officers and Executive Board, the managing body of Local 14.

       H.     IUOE is and was, at all times relevant hereto, a labor organization, as that term is defined in 29 U.S.C. §§ 402 (i) and (j) with members and constituent labor organizations, including Local Unions, District Councils, Local Joint Executive Boards, Local, State and Provincial Organizations, Junior and Assistant Engineers' Subdivisions, Registered Apprentice Engineers' Subdivisions, and Branch Engineers' Subdivisions,  throughout the United States and Canada.  The IUOE is affiliated with the AFL-CIO.

       I.     "Local 14 Benefit Funds" shall mean Local 14's Annuity Fund, Pension Fund, Welfare Fund and Training Fund.

       J.     This Consent Decree incorporates by reference all the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules for the United States District Courts for the Southern and Eastern Districts of New York.

III.    <u>INJUNCTION AGAINST CERTAIN ACTIVITIES.</u>

       Local 14 and all of its current and future officers, agents, representatives, employees, and members (the "Enjoined Persons") are permanently enjoined from Corruption (as defined in

Section II.C., *supra*).

IV.    THE ETHICAL PRACTICES ATTORNEY.

    A.    Appointment of the Ethical Practices Attorney.

        1.    Within sixty (60) days of the parties' execution of this Consent Decree, the United States shall present to Local 14 a list of three candidates for the position of Ethical Practices Attorney. Thereafter, Local 14 shall have thirty (30) days to interview the candidates and to strike one of the three names proposed. The United States will then submit to the District Court the two or three remaining candidates along with their qualifications. Local 14 may file objections to any of the remaining candidates. The District Court shall appoint the Ethical Practices Attorney from among these remaining candidates or reject all of the remaining names and request a resubmission of names by the United States Attorney's Office in accordance with the foregoing provisions of this paragraph.

        2.    Any successor to the Ethical Practices Attorney shall be chosen in the same manner.

    B.    Powers and Duties of the Ethical Practices Attorney. The Ethical Practices Attorney shall exercise the powers and carry out the duties described below during his or her term of office:

        1.    General. To investigate, gather evidence and commence disciplinary proceedings; review appointments, reports, expenditures, and contracts; recover assets; review, reject and/or modify election rules as proposed by Local 14 and oversee and monitor elections; review, reject and/or modify job referral rules as proposed by Local 14; and educate members and take such other action as may be necessary to eliminate the influence of Corruption from Local 14;

        2.    Hiring. To hire, appoint, retain and discharge qualified legal counsel,

7

accountants, consultants, investigators, and any other personnel necessary to assist in the proper

discharge of his or her powers and duties;

       3.     <u>Expenses</u>. To expend the funds in the Escrow Account established

pursuant to Section VI.C. for all expenses that are reasonable and necessary to execute the

powers conferred upon the Ethical Practices Attorney;

       4.     <u>Reporting</u>. To file with the District Court, and serve upon Local 14 and the

United States Attorney's Office of the Eastern District of New York, a written report once every

three (3) months, commencing after the Effective Date of this Consent Decree, concerning the

following:

         a.     The activities and progress of the Ethical Practices Attorney in
                eliminating Corruption;
         b.     The expenditures of the Ethical Practices Attorney;
         c.     The feasibility of conducting officer elections; and
         d.     The effectiveness of the Job Referral Rules;

       5.     <u>Investigate Corruption</u>. To investigate Corruption Concerning Local 14

with or without probable cause, and with such assistance as he or she reasonably deems

appropriate. To investigate Corruption Concerning Local 14, the Ethical Practices Attorney is

authorized to:

         a.     Interview any officer, administrator, organizer, business manager,
                business representative, business agent, master mechanic,
                employee, negotiator, trustee or member of Local 14, the IUOE or
                any IUOE local, and to gain entrance to, inspect and investigate,
                without advance notice or permission, any job site, depot, building
                or office at which members of Local 14, the IUOE or any IUOE
                local are working, to the extent such entrance to these sites can be
                authorized by Local 14;
         b.     To obtain access to and request copies of any records, books, files,
                 accounts, correspondence and other documents maintained by
                Local 14, its officers, employees or members;
         c.     Issue subpoenas for testimony and documents to non-parties,
                 including but not limited to, any person or entity who employs
                persons represented by Local 14, the IUOE or any IUOE local;

        d.      Take sworn testimony from any officer, agent, representative, employee, or member or person represented by Local 14, the IUOE and any IUOE local before a court reporter or otherwise as the circumstances may require in his or her discretion; and

        e.      To require any member to be tested on a piece of equipment which any such member has represented to Local 14 and/or its representatives that he or she is able to operate.

6.    <u>Commence Disciplinary Proceedings</u>.

        a.      To commence disciplinary proceedings and bring charges against any member of Local 14 for acts of Corruption as defined herein;

        b.      To commence disciplinary proceedings and bring charges against any member of the IUOE or any IUOE local who has engaged in Corruption Concerning Local 14;

        c.      To receive the assistance of federal, state, and local law enforcement authorities upon request and without charge to the Ethical Practices Attorney in effectuating the powers, rights, and responsibilities enumerated herein and accomplishing the mandate of ending the involvement of organized crime, Corruption and abuse within Local 14;

        d.      To take such action as he or she deems necessary to eradicate Corruption, abuse and the influence of organized criminal groups on Local 14 and/or to refer possible violations of law to federal, state, or local law enforcement authorities; and

        e.      To exercise all disciplinary powers available to Local 14 and its Executive Board pursuant to the IUOE Constitution, including but not limited to Article XXIV of the IUOE Constitution, and Local 14's By-Laws, including but not limited to Articles II and VIII of the By-Laws, and any other applicable law to the extent that such powers are consistent and/or broader than those enumerated in this Consent Decree.

7.    <u>Review Authority and Rights</u>.

        a.      To review nominations and/or proposed appointments of officers, business managers, business representatives, business agents, master mechanics or employees of Local 14 and to recommend that the Hearing Officer reject any nomination or proposed appointment that constitutes or furthers Corruption. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein;

        b.      To review proposed appointments of union trustees to and the hiring of employees by the Local 14 Benefit Funds in which Local 14's members participate, and to recommend that the Hearing Officer reject any proposed appointment that constitutes or furthers

Corruption. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein;

c. To receive written notice of and a written description of the proposed subject matter of each and every scheduled meeting of Local 14's Executive Board and General Membership, formal meeting scheduled by the officers of Local 14 and meetings of Local 14 committees where official union business is conducted. To attend and view (though not conduct) such meetings;

d. To request and obtain, upon reasonable notice, oral or written reports regarding any matter concerning Local 14 from the Business Manager of Local 14 about any matter within the jurisdiction of the Ethical Practices Attorney's powers and duties;

e. To receive written notice of any expenditure over $50,000.00 made by Local 14, or obligations over $50,000.00 incurred by Local 14, or incurred by any other person or entity authorized to make such expenditure or incur such obligation on behalf of Local 14. The written notice shall be provided to the Ethical Practices Attorney fourteen (14) days before an expenditure or obligation is made or as soon as reasonably possible before such expenditure or obligation is incurred where circumstances require that less than fourteen (14) days notice be given;

f. To review all expenditures made by, or obligations incurred by, Local 14 or any other person or entity authorized to make such expenditure or incur such obligation on behalf of Local 14, and to recommend that the Hearing Officer reject and order the recovery of any expenditure or obligation that constitutes or furthers Corruption as defined herein. The Ethical Practices Attorney may then take such action as directed by the Hearing Officer. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein;

g. To monitor the application, implementation, interpretation and/or enforcement of the collective bargaining agreements entered into by the parties thereto, for the sole purpose of determining whether the application, implementation, interpretation and/or enforcement constitutes or furthers Corruption as defined herein. In the event that the Ethical Practices Attorney makes such a determination, the Ethical Practices Attorney shall have the authority to immediately enjoin any act or practice, or otherwise direct or order that any act or practice which constitutes or furthers Corruption immediately cease. Local 14 and the United States may seek review of the Ethical Practices Attorney's action pursuant to the procedures set forth in Section VII.A.2.b-f. herein;

h. To review all decisions by Local 14 to enter into contracts and leases, or hire independent contractors (including but not limited to

10

attorneys, accountants, and brokers, to perform services or provide goods on behalf of Local 14). To recommend that the Hearing Officer reject any such decision that constitutes or furthers Corruption as defined herein and then take such action as directed by the Hearing Officer. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f. herein; and

i.    To review all proposed changes to the By-Laws of Local 14 and to recommend that the Hearing Officer reject any change that constitutes or furthers Corruption. The procedure and standards for objecting to the Ethical Practices Attorney's recommendation will be those set forth in Section VII.A.2.a.-f.;

8.    <u>Recovery of Assets</u>. To seek recovery of any and all assets of Local 14 that may have been dissipated or otherwise misappropriated in the past, and to assert any cause of action, equitable or legal, or claims possessed by Local 14 arising out of Corruption Concerning Local 14. The Ethical Practices Attorney may: (a) pursue such recovery, cause of action or claim to the extent permitted by law and practicable, whether the underlying conduct occurred prior or subsequent to the date of this Consent Decree, and (b) have the power to direct Local 14 to withhold, to the extent permitted by law and practicable, the payment of any and all funds, salaries, fees or benefits of whatever kind or description to any individual or entity who has misappropriated or is about to misappropriate any assets of Local 14. The procedure and standards for objecting to the Ethical Practices Attorney's exercise of authority under this Section will be those set forth in Section VII.A.2.a.-f. herein.

9.    <u>Elections.</u>

a.    To oversee and monitor any elections held by Local 14 during the term of this Consent Decree for any acts consisting of or furthering Corruption as defined herein, and to certify the result of any such elections as being free of Corruption, as provided in Section IX herein;

b.    To review, approve, reject, modify and make additional election rules and procedures for the direct rank and file election of Local 14 officers based on applicable federal statutes and regulations subject to approval by the United States Attorney's Office for the

11

Eastern District of New York; and

c.    To conduct background investigations of all candidates for elective offices and to bar candidates pursuant to Section IX.E.2 using the means and methods set forth in Section IV.B.5;

10.    <u>Job Referrals.</u>

a.    To review, reject, modify and make any changes to the job referral procedures necessary to ensure that job referrals are made without the influence of Corruption, using the means and powers set forth in Section IV.B.5.a.-e.;

b.    To review records of job referrals and all employer requests for referrals received;

c.    To randomly contact the business manager, business agents and master mechanics during working hours;

d.    To audit the presence of Local 14's members on jobs on a random basis;

e.    Upon determining that there has been a violation of Local 14's job referral rules, the Ethical Practices Attorney may issue any written direction to Local 14, or to any agent, officer, employee, or member of Local 14, as may be appropriate to remedy the violation. An affected person or entity may object to such remedial direction pursuant to the procedures and standards set forth in Section VII.A.2.a.-f.; and

f.    To effectuate the Ethical Practices Attorney's review authority of the job referral rules pursuant to Subsection 10.a.-e., above, using the means and methods set forth in Section IV.B.5.a-e.

11.    <u>Education of Members.</u> To conduct an educational program for the membership of Local 14 relating to union democracy, collective bargaining and the fiduciary responsibilities of union officers. The Ethical Practices Attorney also may conduct educational meetings or discussions with the Local 14 membership at convenient locations such as employers' job sites (if permitted by the employer), the second floor at Local 14's office, at the auditorium where the general membership meetings are held, and at such other locations agreed to by the parties. The costs associated with educational programs described in this subparagraph shall be paid by Local 14.

12.     Communication with Members.

        a.     To create a website to communicate with members and to post reports, decisions and announcements; and

        b.     To establish a toll free number, at the expense of Local 14, for members to speak directly with the Ethical Practices Attorney's office.

13.     Issue Clarifying Rules. To suggest any rule necessary to clarify or interpret any part of this Consent Decree subject to review and approval by the United States Attorney's Office.

14.     Hearing Officer's Direction. To take such action as directed by the Hearing Officer.

## V.     HEARING OFFICER.

    A.     Selection Process.

        1.     Within sixty (60) days of the parties' execution of this Consent Decree, the United States shall present to Local 14 a list of three candidates for the position of Hearing Officer. Thereafter, Local 14 shall have thirty (30) days to interview the candidates and to strike one of the three names proposed. The United States will then submit to the District Court the two or three remaining candidates along with their qualifications. Local 14 may file objections to any of the remaining candidates. The District Court shall appoint the Hearing Officer from among these remaining candidates or reject all of the remaining names and request a resubmission of names by the United States Attorney's Office in accordance with the foregoing provisions of this paragraph;

        2.     Any successor to the Hearing Officer shall be chosen in the same manner.

    B.     Powers and Duties of the Hearing Officer. The Hearing Officer shall exercise the powers and carry out the duties described below during his or her term of office:

13

1.    <u>General Powers</u>.

    a.    To hear evidence and render decisions in disciplinary proceedings commenced by the Ethical Practices Attorney and make such other decisions concerning recommendations, decisions and directions made by the Ethical Practices Attorney;

    b.    To require, upon notice, the appearance of any Local 14 member for the purpose of providing testimony or producing documents; and the authority to impose discipline not inconsistent with any provision of this Consent Decree.  In the event that the Hearing Officer imposes such discipline, the disciplined member may pursue his right of appeal to the District Court in accordance with the procedures set forth in Section VIII, herein;

    c.    To issue subpoenas for testimony and documents to non-parties, including but not limited to, any person or entity who employs persons represented by Local 14, the IUOE or any IUOE local; and

    d.    To exercise the powers of Local 14 and its Executive Board to conduct disciplinary proceedings as against members of Local 14, the IUOE or any IUOE local that has engaged in Corruption concerning Local 14 pursuant to Article XXIV of the IUOE Constitution, and Article II and Article VIII of Local 14's By-Laws, and any other applicable law to the extent that such powers are consistent with and/or broader than those enumerated in this Consent Decree;

2.    <u>Review Recommendations</u>. In accordance with the procedures set forth in Section VII.B., the Hearing Officer shall review and act upon the following:

    a.    Recommendations made by the Ethical Practices Attorney pursuant to Section IV.B.7;

    b.    Decisions to recover misappropriated assets as set forth in Section IV.B.8; and

    c.    Directions made by the Ethical Practices Attorney pursuant to Section IV.B.10.f.

3.    <u>Removal or Suspension</u>. Upon commencement of disciplinary proceedings brought by the Ethical Practices Attorney, the Hearing Officer may place any officer, member or employee of Local 14, on temporary leave of absence from his or her elected or appointed position if he or she is named in a charging document accusing him or her of engaging in Corruption Concerning Local 14.  At the conclusion of disciplinary proceedings, the Hearing

14

Officer shall remove or suspend from union employment, union office or union membership any officer, member or employee of Local 14, the IUOE or any IUOE local, who the Hearing Officer has determined engaged in Corruption Concerning Local 14, in accordance with the procedures set forth in Section VII.B. In addition, at the conclusion of disciplinary proceedings, the Hearing Officer may impose a fine upon any officer, member or employee of Local 14, the IUOE or any IUOE local, who the Hearing Officer has determined engaged in Corruption Concerning Local 14.

      4.    <u>Reporting</u>. The Hearing Officer shall file with the District Court and serve upon Local 14 and the United States Attorney's Office for the Eastern District of New York a written report once every three (3) months, commencing after the Effective Date of this Consent Decree, summarizing the work of the Hearing Officer, including, but not limited to:

          a.    The activities and progress of the Hearing Officer; and
          b.    The expenditures of the Hearing Officer;

      5.    <u>Hiring</u>. The Hearing Officer may hire, appoint, retain and discharge any personnel necessary to assist in the proper discharge of his or her powers and duties; and

      6.    <u>Expenses</u>. The Hearing Officer may expend funds in the account established pursuant to Section VI.C. for all expenses that are reasonable and necessary to execute his or her powers.

VI.    <u>TERMS OF OFFICE AND COMPENSATION.</u>

    A.    <u>Terms of Office</u>.

      1.    The terms of office of the Ethical Practices Attorney and Hearing Officer shall ordinarily be five (5) years and shall commence on the date that this Consent Decree is "so ordered" by the District Court, except that it is expressly provided that: (a) the term of office for the Ethical Practices Attorney will not terminate until all disciplinary proceeding(s) commenced

by the Ethical Practices Attorney during the above-described five (5) year term of office,

pursuant to Section IV.B.6.a. and b. have been resolved, during which time, absent further order

of the District Court or operation of other provision of this Consent Decree, the Ethical Practices

Attorney's authority shall be limited to resolving the disciplinary proceedings then pending,

including any review by the Hearing Officer and appeal(s) to the District Court therefrom; (b)

the term of office for the Hearing Officer will not terminate until the Hearing Officer has

discharged his/her duties under Section V.B., and any appeal to the District Court of any then-

pending action of the Hearing Officer has been resolved; and (c) subject to Section VI.B., in no

event shall the terms of office for either the Ethical Practices Attorney or the Hearing Officer

terminate before at least one election is duly certified to the District Court in accordance with the

terms of this Consent Decree.

       2.     Prior to the conclusion of the terms of office for the Ethical Practices

Attorney and the Hearing Officer, the United States or Local 14 may make an application to the

District Court to extend the term of office for the Ethical Practices Attorney or the Hearing

Officer.

     B.     <u>Removal From Office</u>. The Ethical Practices Attorney or Hearing Officer may be

removed only by the District Court, and upon application by the United States Attorney's Office

or Local 14 made prior to the expiration of the relevant term of office, if it is shown that the

Ethical Practices Attorney or Hearing Officer has committed an illegal act or has inadequately

and/or unreasonably performed the duties and responsibilities provided for in the Consent

Decree.

     C.     <u>Compensation of the Ethical Practices Attorney and Hearing Officer.</u>

       1.     The compensation and expenses of the Ethical Practices Attorney and

the Hearing Officer, and any person or persons hired under their authority pursuant to Sections IV.A.1. and V.A.1., shall be paid by Local 14. Within two weeks after the appointment of the Ethical Practices Attorney and the Hearing Officer, Local 14 shall fund an escrow account (the "Escrow Account") for payment of the compensation and expenses of the Ethical Practices Attorney and Hearing Officer upon which the Ethical Practices Attorney and Hearing Officer may draw. The account shall be established by Local 14 with an initial balance of $150,000.00 and shall be maintained by Local 14. The account will be replenished up to the $150,000.00 level every two months on the first business day of the month, or sooner if the balance falls below $25,000.00. The Ethical Practices Attorney and the Hearing Officer may draw upon the Escrow Account as reasonably necessary to pay compensation and expenses. In the event that Local 14 cannot meet its obligation to fully fund the escrow account, Local 14 agrees that it will seek assistance from the IUOE in meeting its obligation.

      a.      Every three months, the Ethical Practices Attorney shall present an accounting which includes an itemized bill with supporting material for services and expenses. Local 14 shall have thirty (30) days from receipt of the above in which to contest the bill by filing written objections with the District Court; and

      b.      If Local 14 is successful in its challenge to the accounting, it will be entitled to a credit on its contribution to the minimum amount established in Section VI.C. for the months in the subsequent quarter in the amount the compensation and expenses are reduced by the District Court. In all disputes concerning the reasonableness of the compensation or expenses requested, the District Court and parties shall be guided by the level of payment most recently authorized and approved by Local 14 for the payment of similar services and expenses.

      D.      <u>Ethical Practices Attorney's Office Space</u>. Local 14 shall make available, at no cost to the Ethical Practices Attorney, adequate office space at the union hall(s) of Local 14 or nearby for the Ethical Practices Attorney and staff as necessary.

E.    <u>Limitations</u>. The Ethical Practices Attorney and the Hearing Officer will not engage in collective bargaining, grievance handling, or representation of members, except that nothing in this provision shall in any way modify the authority granted to the Ethical Practices Attorney or Hearing Officer under the terms of this Consent Decree.

VII.    <u>DISCIPLINARY, REVIEW AND HEARING PROCEDURES.</u>

A.    Review of Recommendations, Decisions
and Directions Made By the Ethical Practices Attorney.

1.    The Hearing Officer shall review recommendations, decisions and directions made by the Ethical Practices Attorney pursuant Section IV.B.7.a-b, f-i, 8, 9.b and 10.e based upon all the evidence offered by the Ethical Practices Attorney, including hearsay, and shall affirm the recommendation, decision or direction if it is supported by substantial evidence.

2.    The following procedures shall apply to the Hearing Officer's review:

a.    The Ethical Practices Attorney shall serve written notice of any recommendation, decision or direction upon the United States, Local 14 and the Hearing Officer. The Ethical Practices Attorney shall also serve notice upon any other person or entity effected by the Ethical Practices Attorney's recommendation, decision or direction. The Ethical Practices Attorney shall effect service of notice within five (5) business days (i.e. not including weekend days, religious or national holidays) after the recommendation, decision or direction has been made;

b.    Local 14 or any other affected person or entity may file any written objection to the Ethical Practices Attorney's recommendation, decision, direction or order with the Hearing Officer within five (5) business days (i.e. not including weekend days, religious or national holidays) after receipt of the notice;

c.    At the Hearing Officer's option, the Hearing Officer may conduct a hearing. The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing shall be recorded in its entirety by a court reporter, and a written transcript of the hearing prepared. The Hearing Officer may include any additional procedural safeguards that are believed necessary to ensure a fair hearing. The Ethical Practices Attorney

18

and the applicable affected party shall present evidence at the hearing before the Hearing Officer, including hearsay. All testimony and other evidence shall be received by the Hearing Officer under oath;

d.    The Hearing Officer shall issue a decision within thirty (30) days after the close of evidence and argument as set forth in Section VII.D.;

e.    In the alternative, the Hearing Officer may issue a decision without a hearing within thirty (30) days after the receipt of the applicable party's objection; and

f.    Either party to the Hearing Officer's decision may appeal the Hearing Officer's decision within fourteen (14) days to the United States District Court Judge assigned to this action, pursuant to the procedures set forth below in Section VIII.

B.    <u>Procedures to be Followed in Disciplinary Cases or Proceedings</u>.

1.    The following procedures shall be followed for disciplinary proceedings

commenced by the Ethical Practices Attorney:

a.    The Ethical Practices Attorney shall serve a written, specific charge for any matter constituting Corruption upon the charged party;

b.    A hearing on the charge before the Hearing Officer defined below shall be scheduled for no sooner than thirty (30) days and no later than ninety (90) days after service of the charge upon the charged party;

c.    The person charged may be represented by a member of his or her union, or an attorney, at the hearing and throughout the disciplinary process, with such representation to be at the expense of the person charged;

d.    The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing shall be recorded in its entirety, and a written transcript of the hearing prepared. The Hearing Officer may include any additional procedural safeguards that are believed necessary to ensure a fair hearing;

e.    The Ethical Practices Attorney and the member shall present evidence at the disciplinary hearing before the Hearing Officer, including hearsay;

f.    The Ethical Practices Attorney will have the burden of proving the charge by the preponderance of the evidence presented; and

g.    All testimony and other evidence shall be received by the Hearing Officer under oath; and

h.    Removal, suspension or fine shall be effected by written

decision as set forth in Section VII.D.

2.      The Hearing Officer shall have the authority to promulgate rules of procedure for the conduct of all proceedings before him or her.

C.      <u>Refusal to Produce Documents or To Testify</u>.

1.      If any officer, employee or member of Local 14, the IUOE or any IUOE local refuses to testify or to provide evidence to the Ethical Practices Attorney or the Hearing Officer on the basis of his or her privilege against self-incrimination, discipline may be imposed on such person for that reason alone, consistent with the Code of Ethics of the American Federation of Labor-Congress of Industrial Organizations, as adopted by the IUOE in 1958. Failure to testify or provide evidence in the absence of a valid claim of attorney-client privilege may be the basis for discipline. Any person so declining to testify or provide evidence to the Ethical Practices Attorney may be subpoenaed to testify before the Hearing Officer and he or she may be subject to punishment for contempt of the District Court upon application to the District Court by the Ethical Practices Attorney.

2.      If any person or entity, pursuant to subpoena, refuses to testify or to provide evidence to the Ethical Practices Attorney or the Hearing Officer, the Ethical Practices Attorney or Hearing Officer may seek sanctions pursuant to Rules 16 or 37 of the Federal Rules of Civil Procedure.

D.      <u>Hearing Officer's Decision</u>.

1.      The Hearing Officer shall issue a written decision, including his or her findings of fact regarding the charges and the evidence relied upon, and the disciplinary actions to be taken.

2.      The Hearing Officer shall make findings based on a preponderance of

20

evidence in the record and his or her decision shall take full force and effect immediately.

   3.  Any decision of the Hearing Officer rendered pursuant to this subparagraph shall be reviewable by the District Court. The District Court's jurisdiction over such appeals shall be exclusive, and the Hearing Officer's decisions shall not be reviewable or subject to collateral attack in any other forum, including any forum provided for under the IUOE Constitution, the Local 14's By-Laws, the By-Laws of any other IUOE Local Union, the Labor-Management Reporting and Disclosure Act ("LMRDA"), or any other law. This provision shall not prohibit anyone appealing a decision of the Hearing Officer from raising, in the District Court, substantive arguments based on the IUOE Constitution, the Local 14 By-Laws, the bylaws of any other IUOE Local Union, or the LMRDA.

VIII. APPELLATE PROCEDURES.

   A.  Decisions of the Hearing Officer may be appealed to the District Court. The United States, Local 14 and the Ethical Practices Attorney shall have the sole authority to appeal all decisions of the Hearing Officer issued pursuant to Section VII.A of this Consent Decree. A person who is the subject of a decision relating to a disciplinary proceeding may appeal the decision of the Hearing Officer.

   B.  The United States, Local 14 and the Ethical Practices Attorney may only file an appeal of a decision of the Hearing Officer by filing a notice of intent to appeal with the District Court within fourteen (14) days of receipt of the decision. Service of the notice of appeal upon the parties and the Ethical Practices Attorney shall be effected upon filing.

   C.  A person who is subject to a decision relating to a disciplinary proceeding may only appeal a decision of the Hearing Officer to the District Court by filing a notice of intent to appeal with the District Court within fourteen (14) days of receipt of the decision. Service of

the notice of appeal upon the parties and the Ethical Practices Attorney shall be effected upon

filing.

      D.    Any appeal to the District Court pursuant to subparagraphs A., B. and C., above,

shall be governed by the standards of review and procedural rules applicable to judicial review of

agency decisions under the Administrative Procedure Act, 5 U.S.C. § 501 *et seq*. and § 701 *et*

*seq*., including that the decision will be upheld if it is supported by substantial evidence in the

record.

      E.    Any actions and decisions of the Ethical Practices Attorney and/or the Hearing

Officer shall be reviewable exclusively by the District Court as provided herein and are not

subject to arbitration or other challenge or appeal under the IUOE Constitution, Local 14's By-

Laws, the By-Laws of any other IUOE local, the LMRDA or any other law.

IX.    ELECTIONS.

      A.    Elections in Local 14 shall be enjoined until such time as the Ethical Practices

Attorney determines that fair and untainted elections can be held in Local 14 as set forth in

Section IX.D. herein.

      B.    The Business Manager of Local 14 and the Ethical Practices Attorney shall

consult as to when, in their opinion, elections for officers, including members of the Executive

Board, can be held which are fair, free and untainted and otherwise in the best interests of Local

14.

      C.    Such elections shall be held whenever the Ethical Practices Attorney determines

that fair and untainted elections can be held in Local 14, and files a notice of such determination

with the District Court along with a submission describing the basis and reasons for such

determination. Local 14 shall then file a response to the Ethical Practices Attorney's notice.  The

District Court may request and receive from any of the parties additional submissions, evidence or testimony pertinent to the Ethical Practices Attorney and Hearing Officer's determination. The District Court then will determine whether elections in Local 14 which are fair, free and untainted and otherwise in the best interests of Local 14, can be held at that time. The District Court's determination of the holding of the elections shall be final and not subject to appeal. The time table for any elections shall conform as closely as practicable to that required under the IUOE Constitution and Local 14's By-Laws.

      D.     Once it is determined that the election can be held, Local 14, with the assistance of the IUOE, shall prepare an initial draft of election rules and procedures based upon the IUOE's Constitution, Local 14's By-Laws and applicable federal statutes and regulations. This draft shall then be submitted to the Ethical Practices Attorney for his or her review, approval, rejection or modification. In addition, the Ethical Practices Attorney may make additional rules. All election rules shall be finalized at least thirty (30) days before the formal nominations are to occur. Once the election rules and procedures have been approved by the Ethical Practices Attorney, he or she may hire an organization or individual with experience in running local union elections, to assist in the running of the election. The Ethical Practices Attorney shall maintain the responsibility for supervising and overseeing the conducting of the nomination and election of Local 14's officers and other officials in accordance with applicable law, including but not limited to the election procedures in 29 U.S.C. § 481, and otherwise to ensure that the election is fair and untainted elections. All costs and expenses associated with conducting the election shall be paid directly by Local 14. The Ethical Practices Attorney may seek assistance from the IUOE, the United States Department of Labor or the United States Attorney's Office for the Eastern District of New York for the administration, conduct and supervision of fair elections.

E.     The Ethical Practices Attorney shall have the following powers, rights, and

responsibilities with respect to the conduct of such elections:

1.     To investigate or review any aspect of Local 14's nomination or election

process.

2.     To oversee the nomination of candidates for the elections.  The Ethical

Practices Attorney shall be given notice of all candidates who wish to run in the elections, at

least thirty (30) days before the formal nominations are to occur.  The Ethical Practices Attorney

shall bar a candidate from being nominated or running for office in an election if the candidate

has been adjudged to be a Barred Person, has been removed or suspended from office or

membership within Local 14, or if the person has engaged in Corruption.

3.     To review all membership or vote rosters and to resolve, consistent with

the IUOE Constitution and By-Laws of Local 14, any questions regarding the eligibility of

individual members to vote.

4.     To administer, supervise, oversee and review the conduct and results of

the elections and, within thirty (30) days after an election is held, to report such results to the

District Court as follows: If the Ethical Practices Attorney finds no evidence of irregularity,

unfairness or impropriety in the conduct or results of the election, the Ethical Practices Attorney

shall certify to the District Court that the results of the election were fair and reflect the free and

untainted majority decision of the union membership. If the Ethical Practices Attorney

determines that the conduct or results of any election were in any way tainted by irregularity,

unfairness or other impropriety (including but not limited to Corruption as defined herein which

has occurred in connection with the election), the Ethical Practices Attorney shall, within the

same thirty (30) days after an election is held, make application to the District Court, upon notice

24

to Local 14 and the IUOE General President, to have an election result set aside and a new election held. If, after consideration of the application and evidence presented by the Ethical Practices Attorney, the District Court orders a new election to be held, the election shall again be held in accordance with the provisions of this Section, and subject to any modifications in the procedure or conduct of the election as the District Court determines to be necessary to prevent the recurrence of any irregularity, unfairness or other impropriety. The District Court's determination as to whether the election should be set aside or upheld shall be final and not subject to appeal.

X.     MEMBERSHIP.

Local 14 shall draft and promulgate an amendment to its By-Laws to ensure that only qualified individuals are considered for membership into Local 14B, in the form annexed hereto as Attachment 1. The parties acknowledge that to become a member of Local 14, an individual must first have obtained a New York City Hoist Machine License as identified in Article IV, Section 4 of Local 14's By-Laws.

XI.     JOB REFERRAL RULES.

A.     Any changes to these rules shall be consistent with the goal of assuring that all referrals are made on the basis of neutral principles that guarantee each member a fair opportunity to be referred to work and shall be subject to the review, rejection and modification by the Ethical Practices Attorney.

B.     Non-Discrimination in Job Referrals. Referrals to jobs shall be on non-discriminatory basis and shall not be based on, or in any way affected by, race, gender, age, national origin, sexual orientation, disability, religion or lawful union related activity.

C.     Effect of Job Referral Rules. All referrals by Local 14 to jobs within its

25

jurisdiction shall be made in accordance with these rules.

     D.    <u>Non-Exclusivity of Job Referral System</u>. These rules do not preclude a member from finding his or her own job in accordance with Article VIII, Section 2(n) and Article IX of Local 14's By-Laws.

     E.    <u>Employer Requests in Writing.</u>  Any employer request for a particular operating engineer must be in writing and, in addition to the requested member's name, shall provide the job site location and the equipment the member will be operating in accordance with Section 3 of Local 14's Referral System Procedures.

     F.    <u>Dissemination of the Job Referral Rules</u>. The job referral rules shall be: (a) conspicuously posted at the offices of Local 14; (b) posted on the Ethical Practices Attorney's web-site; and (c) distributed to all current members of Local 14 upon the effective date of this Consent Decree and to all future members of Local 14 upon their admission to membership within Local 14.  Additional copies of these rules shall be made available to members upon request, subject to the payment of reasonable copying costs.

     G.    <u>Job Referral Information</u>.

        1.    Local 14 shall maintain accurate and current records of all job referrals. The records shall be preserved for a period of three (3) years from the making of each record.

        2.    The records shall include the following information:

           a.    all daily registrations by members of their availability for referral which shall include the date of each member's registration;

           b.    all daily job referrals made, including: (1) the name of the member referred; (2) the date and time of the referral; (3) the name of the employer; and (4) the location of the job site;

           c.    all instances where a job referral is not made to a member which shall provide: (1) the name of the employer; (2) the location of the job site; and (3) the basis for not making the referral, particularly whether a member: (a) refused the referral; (b) was unavailable for the referral; or (c) lacked the required skill(s) to perform the job in

question; and

    d.    all specific requests from employers for particular members of Local 14, including the name of the member being requested, the job site location and the equipment the member will be operating.

    3.    Each business agent shall keep a daily log of his or her whereabouts during business hours and shall list the name of each employer with whom he or she had dealings. The Ethical Practices Attorney may inspect those logs at any time. If the business agent fails to produce his or her log, the Ethical Practices Attorney may file disciplinary charges.

    H.    <u>Access to Job Referral Information.</u>

    1.    Any member can inspect or copy any record containing the job referral information described in Section XI.G. An appointment for inspection shall be scheduled within five (5) days of a request. Copies of five hundred (500) pages or less shall be provided within ten (10) days of a request. Copies of more than five hundred (500) pages shall be provided within thirty (30) days of a request. Local 14 may charge $.50 per page to copy of the first twenty (20) pages and $.25 per page thereafter.

    2.    Upon request, records of referrals and all written employer requests on a given business day shall be forwarded to the Ethical Practices Attorney within one business day.

    3.    All business agents and master mechanics shall disclose their cellular telephone and pager numbers to the Ethical Practices Attorney for communications during business hours.

## XII.    <u>BENEFIT FUNDS.</u>

Local 14 shall use its best efforts to obtain the cooperation of the employer-trustees in the event that the Ethical Practices Attorney seeks to investigate Corruption involving the Annuity, Pension, Welfare and Training Funds of the International Union of Operating Engineers Local 14-14B, AFL-CIO.

27

XIII.   AMENDMENTS TO LOCAL 14'S BY-LAWS.

  In addition to the amendment required by Section X of this Consent Decree:

  A.  Local 14 shall amend its By-Laws to implement a new Ethical Practices Code, annexed hereto as Attachment 2, to assist in further eliminating Corruption and to promote honesty and integrity throughout every level of Local 14. The Ethical Practices Code shall go into effect upon its ratification by the membership of Local 14 and approval by the IUOE General President in accordance with its By-Laws and the IUOE Constitution, respectively.

  B.  The By-Laws of Local 14 shall be amended to provide that any officer, agent, member, representative or employee of Local 14 shall be placed on temporary leave of absence from his or her elected or appointed position if he or she is named in an indictment or other criminal charging document accusing him or her of: (1) any violation of federal or state law involving the operation of a labor organization, employee welfare benefit plan, or employee pension benefit plan; or (2) a felony violation of federal or state law relating to Corruption as defined in Section II.C. *supra.* Such individual(s) shall remain on temporary leave of absence during the pendency of the matter and an investigation shall be undertaken to determine if discipline should be imposed.

  C.  The By-Laws of Local 14 shall be amended to provide that any officer, agent, member, representative or employee of Local 14 will immediately forfeit his or her position (elected or appointed) and any and all future voting rights as well as his or her right to hold elected or appointed office should he or she be convicted of: (1) any violation of federal or state law involving the operation of a labor organization, employee welfare benefit plan, or employee pension benefit plan; or (2) a felony violation of federal or state law concerning Corruption as defined in Section II.C. *supra.* Such individual(s) will be immediately removed and shall not

receive any retirement benefits other than those that have vested under Title I of ERISA and are protected by the anti-alienation provisions of ERISA. See 29 U.S.C. §1056(d).

D.      The terms of this Consent Decree supersede any contrary terms of the IUOE Constitution or Local 14's By-Laws.

## XIV.   INSURANCE AND INDEMNIFICATION.

A.      Indemnification. Local 14 shall indemnify the Ethical Practices Attorney, Hearing Officer and any of the persons that they hire or act on in their behalf. In addition, the Ethical Practices Attorney, Hearing Officer and any persons hired by or acting on their behalf, shall enjoy whatever privileges and immunities from personal liability may exist under the law for court officers. An attorney hired by the Ethical Practices Attorney shall have responsibility for defending the Ethical Practices Attorney or anyone acting on his or her behalf in any lawsuit for any actions taken pursuant to the Consent Decree and which are covered by such privileges and immunities from personal liability.

B.      Insurance. Local 14 shall purchase a policy of insurance in an appropriate amount to protect the Ethical Practices Attorney and Hearing Officer from personal liability for any of their actions taken on behalf of Local 14 pursuant to this Consent Decree. The premium charges for this insurance shall be included as part of the Ethical Practices Attorney's Expenses as provided for in Section VI.C. and paid in accordance therewith.

## XV.    NOTICE TO MEMBERS.

Within thirty (30) days of entry of this Consent Decree, Local 14 shall notify its membership of the Consent Decree by posting copies of the Consent Decree at its main office and by mailing a copy to each member's last known address. Within forty-five (45) days of the entry of the Consent Decree, Local 14 shall notify the United States, the Ethical Practices

29

Attorney and the Hearing Officer that the notice has been given in accordance with this section. During the term of this Consent Decree, all new members of Local 14 will be provided a copy of the Consent Decree upon their admission to membership within Local 14.

XVI.   EFFECTIVE DATE OF CONSENT DECREE.

The provisions of this Consent Decree shall be effective upon the filing of this executed Consent Decree in the District Court.

XVII.  SCOPE OF JUDGMENT.

Nothing in this Consent Decree, nor any of the rights, powers, or responsibilities of the Ethical Practices Attorney or the Hearing Officer, shall be construed to limit the District Court in terms of its authority to impose other appropriate relief. The District Court shall in its discretion call for such additional reports from Local 14, and/or the Ethical Practices Attorney as the District Court may deem necessary and advisable and shall call for and compel the attendance at meetings or status conferences from time to time of Local 14 and/or the Ethical Practices Attorney as the District Court may deem necessary and advisable.

XVIII. FUTURE ACTIONS.

Nothing in this Consent Decree shall preclude the United States or any of its departments or agencies from taking any appropriate action against any officer, employee, agent, representative or member of Local 14, the IUOE, or any IUOE local in reliance on federal laws, including, but not limited to, any criminal investigation or prosecution or any action under federal tax laws.

XIX.   MODIFICATION AND ENFORCEMENT.

Each party shall be able to petition the District Court at any time during this proceeding, upon notice to other parties, for clarification, modification, amendment, or enforcement of any of

the terms of this Consent Decree, or for such other assistance as may be necessary and appropriate to implement the intent of this Consent Decree.

## XX.   FUTURE PRACTICES.

The parties intend the provisions set forth herein to govern Local 14's practices in the areas affected by this Consent Decree, now and in the future.  Local 14 shall give prior written notice to the United States Attorney's Office and to the Ethical Practices Attorney of any proposed changes to its By-Laws.  For a period of three (3) years after the termination of the terms of office of the Ethical Practices Attorney and Hearing Officer, Local 14 shall continue to give prior written notice of any such proposed changes to the United States. If the Ethical Practices Attorney or the United States objects to the proposed changes as inconsistent with the terms or objectives of this Consent Decree, the change shall then not occur, provided that, upon such objection, Local 14 may apply to the District Court for a determination as to whether the proposed change is consistent with the terms and objectives of this Consent Decree.

## XXI.   COSTS AND FEES.

With respect to all litigation occurring prior to the entry of this Consent Decree, the United States shall not seek costs or attorneys' fees from any other party hereto, nor shall Local 14 seek costs or attorneys' fees from the United States. Local 14 retains the right to hire legal counsel to represent it in connection with this litigation or Consent Decree, and may use union funds to pay for its counsel.  The Ethical Practices Attorney's review authority under Section IV.B.7. shall not apply to such expenditures, or to legal fees and costs paid prior to entry of this Consent Decree arising out of the representation of the IUOE and Local 14 in this litigation.

## XXII.  MERGER.

This Consent Decree contains the entire agreement between the parties with respect to the

subject matter herein. The parties acknowledge that there are no understandings relating to the settlement other than those expressly contained in this Consent Decree.

XXIII. CONSTRUCTION.

For purposes of construction, this Consent Decree shall be deemed to have been drafted by all parties and shall not, therefore, be construed against any party in any subsequent dispute.

XXIV. SEVERABILITY.

If any provision of this Consent Decree is hereafter determined to be invalid for any reason, the balance of this Consent Decree shall remain in full force and effect.

XXV. ADDITIONAL PROVISIONS.

A. All Writs Act. Pursuant to the All Writs Act, 28 U.S.C. § 1651, all parties and non-parties to this Consent Decree are hereby permanently restrained and enjoined from litigating any and all issues relating to this Consent Decree or arising from the interpretation or application of this Consent Decree in any court or forum in any jurisdiction except the District Court. Such issues relating to this Consent Decree include, but are not limited to, challenges to actions of the Ethical Practices Attorney, Hearing Officer and/or their delegates and challenges to issuance of or compliance with subpoenas.

B. Relatedness. If the Ethical Practices Attorney, any party, or other person or entity files any separate action pursuant to this Consent Decree, such action shall be designated a related action pursuant to Local Rule 50.3. The District Court shall have exclusive jurisdiction to decide any and all issues and disputes arising from the interpretation or application of this Consent Decree until further order of the District Court. The United States shall have the right to intervene in the event there is a dispute regarding any interpretation or application of this Consent Decree.

XXVI. NONADMISSION CLAUSE.

This Consent Decree is intended to settle all civil claims against Local 14 as set forth in the Complaint, without costs or attorneys' fees to any settling party. This Consent Decree is entered into for purposes of settlement only, and nothing in this document shall be deemed an admission by Local 14 of the truth of the allegations set forth in the Complaint.

XXVII. AUTHORIZED REPRESENTATIVES.

The undersigned signatories represent that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind to this document the party that he or she represents.

Dated: Brooklyn, New York
        July 25, 2008

CONSENTED TO:

                    BENTON J. CAMPBELL
                    United States Attorney
                    Eastern District of New York
                    Attorney for Plaintiff
                    271 Cadman Plaza East
                    Brooklyn, New York 11201

        By:     _____
                    RICHARD K. HAYES
                    Assistant U.S. Attorney
                    (718) 254-6050

                    BRADY McGUIRE & STEINBERG, P.C.
                    Attorneys for Defendant I.U.O.E. Local 14-14B
                    603 Warburton Avenue
                    Hastings-on-Hudson, New York 10706

        By:     _____
                    JAMES M. STEINBERG
                    A Member of the Firm
                    (914) 478-4293

LAW OFFICE OF PETER T. SHERIDAN
Attorney for Defendant I.U.O.E. Local 14-14B
603 Warburton Avenue
Hastings- on-Hudson, New York 10706

By: _____

PETER T. SHERIDAN
A Member of the Firm
(914) 478-3300

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO
141-57 Northern Boulevard
Flushing, New York 11354

By: _____

Edwin L. Christian
President & Business Manager

SO ORDERED:

___/s/(SJ)_____

**The Honorable Sterling Johnson**
**U.S. District Court Judge**
**Eastern District of New York**

34

# Exhibit B



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>THOMAS VARIO,<br><br>                 Complainant,<br><br>       v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO,<br>                 Respondent. | **VERIFIED COMPLAINT**<br>Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10152033** |

Federal Charge No. 16GB200750

     I, Thomas Vario, residing at 14930 84th Street, Howard Beach, NY, 11414, charge the above named respondent, whose address is 141-57 Northern Boulevard, Flushing, NY, 11354 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of conviction record, national origin, opposed discrimination/retaliation.

     Date most recent or continuing discrimination took place is 8/3/2011.

     The allegations are:

                SEE ATTACHED COMPLAINT FORM



# New York State Division of Human Rights
## Complaint Form

### CONTACT INFORMATION

My contact information:

Name: __Thomas  VARIO__

Address: __14930      84th  Street__   Apt or Floor #: __N/A__

City: __Howard  Beach__   State: __NY__   Zip: __11414__

### REGULATED AREAS

I believe I was discriminated against in the area of:

☑ Employment               ☐ Education                  ☐ Volunteer firefighting

☐ Apprentice Training       ☐ Boycotting/Blacklisting     ☐ Credit

☐ Public Accommodations     ☐ Housing                    ☑ Labor Union, Employment
*(Restaurants, stores, hotels, movie*                                           Agencies
*theaters amusement parks, etc.)*   ☐ Commercial Space

I am filing a complaint against:

Company or Other Name: __Local 14-14B Union  of  Operating Engineers__

Address: __141-57  Nothern  Blvd__

City: __Flushing__   State: __NY__   Zip: __11354__

Telephone Number: __718__   __939 - 0600__
(area code)

Individual people who discriminated against me:

Name: __George  STAmbouladis__   Name: _____

Title: __Ethical Practices__   Title: _____
          __Attorney__

### DATE OF DISCRIMINATION

The most recent act of discrimination happened on: __08__   __03__   __2011__
                                                     month   day   year

3

## BASIS OF DISCRIMINATION
*Please tell us why you were discriminated against by checking one or more of the boxes below.*

 You do not need to provide information for every type of discrimination on this list. Before you check a box, make sure you are checking it only if you believe it was a reason for the discrimination. Please look at the list on Page 1 for an explanation of each type of discrimination.

**Please note:** Some types of discrimination on this list do not apply to all of the regulated areas listed on Page 3. (For example, Conviction Record applies only to Employment and Credit complaints, and Familial Status is a basis only in Housing and Credit complaints). These exceptions are listed next to the types of discrimination below.

### I believe I was discriminated against because of my:

| | |
|---|---|
| ☐ **Age** *(Does not apply to Public Accommodations)* <br> Date of Birth: | ☐ **Genetic Predisposition** *(Employment only)* <br> Please specify: |
| ☐ **Arrest Record** *(Only for Employment, Licensing, and Credit)* <br> Please specify: | ☐ **Marital Status** <br> Please specify: |
| ☑ **Conviction Record** *(Employment and Credit only)* <br> Please specify: <br> *have unrelated conviction record that might be a basis for discrimination* | ☐ **Military Status:** <br> Please specify: |
| ☐ **Creed / Religion** <br> Please specify: | ☑ **National Origin** <br> Please specify: *Italian* |
| ☐ **Disability** <br> Please specify: | ☐ **Race/Color or Ethnicity** <br> Please specify: |
| ☐ **Domestic Violence Victim Status:** <br> *(Employment only)* <br> Please specify: | ☐ **Sex** <br> Please specify: ☐ Female ☐ Male <br> ☐ Pregnancy <br> ☐ Sexual Harassment |
| ☐ **Familial Status** *(Housing and Credit only)* <br> Please specify: | ☐ **Sexual Orientation** <br> Please specify: |

☑ **Retaliation** *(if you filed a discrimination case before, or helped someone else with a discrimination case, or reported discrimination due to race, sex, or any other category listed above)*
Please specify: *I was precluded from filing an application form with the Union after I complained to Ethical Practices Attorney that I have been discriminated against.*

 Before you turn to the next page, please check this list to make sure that you provided information *only* for the type of discrimination that relates to your complaint.

5. **Description of Discrimination**

1. My name is Thomas Vario, I am a resident of Long Island.

2. I am 45 years of age. I am of Italian descent.

3. I am an operating engineer, who on numerous occasions tried to become a member of the LOCAL 14-14B Labor Union.

4. LOCAL 14-14B is a local affiliate of the International Union of Operating Engineers' (the "IUOE") which represents almost 400,000 craftspersons and in the unionized industry of the operating engineers throughout the United States, Canada and Puerto Rico. Throughout the United States and Canada the Union has 138 local unions. Locally, the union has about 1,600 members.

5. LOCAL 14-14B members are known as the most highly trained and skilled crane operators in the United States, working in Tower Cranes, Floating Cranes, Crawler Cranes, and complex lifting equipment in New York City and all of the five Boroughs of New York City.

6. LOCAL 14-14B maintains its offices at 141-57 Northern Boulevard, Flushing, New York, 11354.

7. Since 1980s the construction industry in Eastern District of New York has been influenced and controlled by the LOCAL 14-14B OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS (the "Local 14-14B").

8. LOCAL 14-14B is substantially a ninety per cent monopoly of employment of operating engineers in the Eastern District of New York, and is seeking a complete monopoly.

1

9. LOCAL 14-14B was and still is the sole bargaining agent in operating engineers' industry within this district and Nassau County.

10. LOCAL 14-14B fixes the scale of wages and conditions of employment binding upon all its members and nonmember employees in the industry, controls the allotment of employment among its members; selects representatives for all its members empowered to bargain collectively with employers.

11. LOCAL 14-14B has a union shop agreement with employers which requires union membership after hiring as a condition of employment for the duration of the contract.

12. Under Article IV of the By-Laws of the IUOE, Local 14-14B, a candidate for membership in Local Union 14 of the IUOE shall be a New York City Licensed Engineer (Hoist Machine Operator – A or B) and otherwise fulfill the requirements of the Constitution of the IUOE.

13. In addition, a candidate shall have at least a minimum of two hundred (200) days experience on heavy equipment, and not knowingly make misrepresentations or misstatements on his or her application, and should not oppose to Organized Labor. Article IV of the By-Laws, Sections 2 and 3.

14. I have a lengthy work history in the field of construction services. I hold a number of certificates and I am a New York City Licensed Engineer (Hoist Machine Operator), I posses at least two hundred (200) days experience on heavy equipment, and I have never opposed the Organized Labor.

15. I complied with all pre-applications requirements and otherwise qualified.

16. LOCAL 14-14B afforded me a "permitee" status that allows me to work on job referrals, but on numerous occasions, after I started working on a job referral, I had to stop my

work because a member of the LOCAL14-14B and/or a person with a seniority in the Local14-14B decided to accept the same job.

17. My work is exclusively performed within of LOCAL 14-14B's jurisdictional and geographical area.

18. My job title is among job classifications for which LOCAL 14-14B is recognized bargaining agency under collective bargaining agreement with employers.

19. In 2011, I requested an application for membership with the Local 14-14B, and was denied one. The explanation that I was provided was that I was allegedly connected to the organized crime.

20. On or about February 1, 2011, I through my attorneys, Law office of Anthony Colleluori & Associates, PLLC, filed his letter-request with Mr. GEORGE STAMBOULODIS, the "Ethical Practices Attorney" appointed by the Consent Decree being entered into between the Operating Engineers, Local 14, and the United States Department of Justice, under United States of America v. Local 14-14B of the International Union of Operating Engineers, AFL-CIO, 08-3046 (Johnson, J.)(Azrack, M.J.), asking to resolve the situation. In the letter, I noted that I was informed my application was denied because the LOCAL 14- 14B's belief that I was associated with organized crime and had criminal connections.

21. On or about June 20, 2011, I through my counsel, sent another letter-request to the LOCAL 14-14B, asking to provide an application form.

22. By letter dated August 1, 2011, I was notified that LOCAL 14-14B intended to disqualify me from its membership.

3

23. On several occasions, LOCAL14-14B representatives stated that they denied me an application because of my alleged "Italian criminal connections."

24. However, I have never been convicted of any crime that would link me to an organized crime.

25. As such, there is no bar for me to become a member of the LOCAL 14-14B and accept and work on job referrals from the LOCAL 14-14B.

26. By suggesting "Italian criminal connections" and denying my application for membership, LOCAL 14-14B illegally discriminated against me based on my place of origin.

27. Being denied membership in the LOCAL 14-14B, I have difficulty obtaining employment and on numerous occasions was dismissed from the jobs at LOCAL 14-14B direction and replaced with union workers.

28. LOCAL 14-14B's denial of membership was discriminatory, in bad faith and had discriminatorily barred me from employment which I would have otherwise obtained.

THOMAS VARIO

Subscribed and sworn to before me
on 24ᵗʰ day of October, 2011

NOTARY PUBLIC
Alena Shautsova
Notary Public – State of New York
No. 2SH6192191
Qualified in Queens County
Commission Expires August 25, 2012

4

**VERIFICATION**

STATE OF NEW YORK     )
                              ) SS:
COUNTY OF SUFFOLK    )

    I, THOMAS VARIO, am the Complainant in the within action.   I have read the

foregoing  DESCRIPTION OF DISCRIMINATION and COMPLAINT and know the contents

thereof.  The contents are true to my own knowledge except as to matters therein stated to be

alleged upon information and belief, and as to those matters I believe them to be true.


                                                 THOMAS VARIO

Subscribed and sworn to before me
on *24th* day of October, 2011


*Alena Shautsova*
NOTARY PUBLIC
Alena Shautsova
Notary Public – State of New York
No. 2SH6192191
Qualified in Queens County
Commission Expires August 25, 2012

## 6. EXECUTION OF COMPLAINT

Based on the foregoing, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, you are also filing your employment complaint with the Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing your housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your Full Legal Name

THOMAS VARIO

Subscribed and Sworn to Before Me This
Day of 24th , 20 11
     October

_____
Signature of Notary Public

ALENA SHAUTSOVA
Notary Public, State of New York
No. 02SH6192191
Qualified in Queens County
Commission Expires Aug. 25, 2012

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

TO:
International Union of Operating Engineers
Local 14-14B, AFL-CIO
141-57 Northern Boulevard
Flushing, NY 11354

PERSON FILING CHARGE:
   Thomas Vario
THIS PERSON (Check one):
   Claims to be aggrieved [x]
   Files on behalf of other(s) [ ]
DATE OF ALLEGED VIOLATION:
   8/3/2011
PLACE OF ALLEGED VIOLATION:
   Queens County
EEOC CHARGE NUMBER:
   16GB200750
FEPA CHARGE NUMBER:
   10152033

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

     [X]   Title VII of the Civil Rights Act of 1964
     [ ]   The Age Discrimination in Employment Act of 1967 (ADEA)
     [ ]   The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to
the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a
Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an
investigation and await the issuance of the FEP Agency's final findings and orders.  These
final findings and orders will be given weight by EEOC in making its own determination as
to whether or not reasonable cause exists to believe that the allegations made in the
charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency.  All facts and
evidence provided by you to the Agency in the course of its proceedings will be considered
by the Commission when it reviews the Agency's final findings and orders.  In many
instances the Commission will take no further action, thereby avoiding the necessity of an
investigation by both the FEP Agency and the Commission.  This likelihood is increased by
your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of
the above named FEP Agency.  For such a request to be honored, you must notify the
Commission in writing within 15 days of your receipt of the Agency's issuing a final
finding and order.  If the Agency terminates its proceedings without issuing a final
finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]   An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the
      Commission concurrently with the FEP Agency's investigation of the charge.

[X]   Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Conviction Record, National Origin, Opposed
      Discrimination/Retaliation

CIRCUMSTANCES OF ALLEGED VIOLATION:
      SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: November 30, 2011

          TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
          Kevin J. Berry



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

THOMAS VARIO,

                              Complainant,

            v.

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO,

                              Respondent.

---

AMENDMENT TO
THE COMPLAINT

Case No.
10152033

Federal Charge No. 16GB200750

Pursuant to the provisions of § 297.4a of the Human Rights Law (Executive Law, Article 15) of the State of New York, and the New York State Division of Human Rights ("Division"), Rules of Practice § 465.4, the complaint in the aforesaid proceeding is amended as follows:

The Respondent, named in the original complaint as:

LOCAL 14-14B  UNION OF OPERATING ENGINEERS

has been modified to the correct legal name for this entity, as follows:

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO,

The above caption to this document reflects the correct caption for this complaint, as modified and accepted for filing by the Division.

Dated: November 30, 2011
   Hempstead, New York

           STATE DIVISION OF HUMAN RIGHTS

By:   _____
         Ronald B. Brinn,
         Regional Director

TO:

<u>Complainant</u>
Thomas Vario
14930 84th Street
Howard Beach, NY 11414

<u>Complainant Attorney</u>
Anthony J. Colleluori, Esq.
Law Offices of Anthony J. Colleluori
68 South Service Rd, Suite 100
Melville, NY 11747

<u>Respondent</u>
International Union of Operating Engineers Local 14-14B, AFL-CIO
141-57 Northern Boulevard
Flushing, NY 11354



NEW YORK STATE
# DIVISION OF HUMAN RIGHTS

55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

(718) 722-2060
Fax: (718) 722-4525
www.dhr.ny.gov



BY:---------------------

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

November 30, 2011

International Union of Operating Engineers Local 14-14B, AFL-CIO
141-57 Northern Boulevard
Flushing, NY 11354

Re:   Thomas Vario v. International Union of Operating Engineers Local 14-14B, AFL-CIO
CIO
Case No. 10152033

Enclosed is a copy of a verified complaint filed with the Division of Human Rights against you. This complaint, which alleges an unlawful discriminatory practice in violation of the New York State Human Rights Law, is being served upon you pursuant to Section 297.2 of the Human Rights Law (N.Y. Exec. Law, art. 15).

Please submit a response **in duplicate** to each and every allegation in the complaint, complete the enclosed Respondent Information Sheet, and return the response and Information Sheet to the Division, at the address above, **within fifteen (15) calendar days from the date of this letter.** The Division will not extend the time for this response, unless good cause is shown in a written application, submitted at least five (5) calendar days prior to the time the response is due. **Failure to respond could result in an adverse finding against you, which would be shared with, among others, the Secretary of State and the applicable State licensing agencies that govern your business.**

The Human Rights Law prohibits retaliation against any person because he or she has opposed discriminatory practices, filed a discrimination complaint, or participated in any proceeding before the Division. Human Rights Law § 296.7.

Anyone who willfully resists, prevents, impedes or interferes with the Division's investigation shall be guilty of a misdemeanor punishable by imprisonment, by fine, or by both. Human Rights Law § 299.

As the enclosed information sheet provides, the Division will conduct a prompt investigation, based on the complaint and your response, which may include interviews with your representatives and the collection of documents. The Division expects your full cooperation in this investigation. After the investigation is completed, the Division will make a determination as to whether there is probable cause to believe that unlawful discrimination has occurred. You will be notified of this determination.

**Protection of personal privacy:**  In most cases, you will be expected to submit documents in support of your response to the complaint.  The Division observes a personal privacy protection policy consistent with Human Rights Law § 297.8 which governs what information the Division may disclose, and the N.Y. Public Officer's Law § 89 and § 96-a, which prohibit disclosure of social security numbers and limit further disclosure of certain information subject to personal privacy protection.  Please redact or remove personal information from any documentation submitted to the Division, unless and until the Division specifically requests any personal information needed for the investigation.  The following information should be redacted: the first five digits of social security numbers; dates of birth; home addresses and home telephone numbers; any other information of a personal nature.  The following documentation should not be submitted unless specifically requested by the Division: medical records; credit histories; resumes and employment histories.  The Division may return your documents if they contain personal information that was not specifically requested by the Division.  If you believe that inclusion of any such personal information is necessary to your response, please contact me to discuss before submitting such information.

If you have any questions about the process generally, or how to submit your response, please call me at (718) 722-2060.

Very truly yours,

Joyce Yearwood-Drury
Director

Enclosures:
Verified Complaint
Respondent Contact Information Form
Information for Respondents

- 2 -

## Respondent Contact Information

Return to:
**NYS Division of Human Rights
55 Hanson Place, Room 900
Brooklyn, New York 11217**

Re:     Thomas Vario v. International Union of Operating Engineers Local 14-14B, AFL-CIO
        SDHR NO: 10152033

Correct legal name of Respondent: _____

_____

Federal Employer Identification Number (FEIN): _____

Contact person for this complaint:

Name:     _____

Title:     _____

Street Address: _____

City/State/Zip:  _____

Telephone No:  (_____)_____

Do you have an attorney for this matter: Yes_____ No_____ If yes:

Attorney Name: _____

Firm:     _____

Street Address: _____

City/State/Zip:  _____

Telephone:     (_____)_____

Will you participate in settlement/conciliation? Yes_____ No_____
If yes, for this purpose please contact:

Name: _____ Telephone:(_____)_____
(Settlement discussions will not delay the investigation and participation in settlement does not provide
good cause for an extension of time to respond to the complaint.)


_____     _____
Signature                                Date



NEW YORK STATE
# DIVISION OF HUMAN RIGHTS

55 HANSON PLACE, ROOM 900
BROOKLYN, NEW YORK 11217

**(718) 722-2060**
Fax: (718) 722-4525
www.dhr.ny.gov

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

## INFORMATION FOR RESPONDENTS
### CONCERNING COMPLAINT PROCEDURES OF
### NEW YORK STATE DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under N.Y. Executive Law, Article 15 ("Human Rights Law"). The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

### WHAT TYPES OF COMPLAINTS ARE HANDLED BY THE DIVISION OF HUMAN RIGHTS?

The Human Rights Law forbids discrimination in employment, apprenticeship and training, purchase and rental of housing and commercial space, places of public accommodation, certain educational institutions, and credit transactions. If a person feels that he or she has been discriminated against by of reason of race, color, creed, sex, age (not public accommodation), disability, national origin, marital status, familial status (housing only), conviction or arrest record (employment only), genetic predisposition (employment only), military status, or sexual orientation, or because he or she has opposed any practices forbidden under the Human Rights Law, that person may file a complaint with the State Division of Human Rights.

### HOW DOES A PERSON FILE A COMPLAINT?

Persons wishing to file a complaint of discrimination may contact the nearest regional office of the Division of Human Rights. The Human Rights Law requires that they must file such a complaint within one year of the alleged unlawful discriminatory act.

### WHAT IS THE INVESTIGATIVE PROCEDURE?

The Division represents neither the Complainant nor the Respondent. The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Complainant and Respondent can retain private counsel to represent them during the investigation, but such representation is not required.

Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s). (A Respondent is a person or entity about whose action the Complainant complains. An employer must have four or more employees for the Human Rights Law to apply.)

- Resolve issues of questionable jurisdiction.

- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.

- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.

- Allow the parties to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will allow settlement from the time of filing until the matter reaches a final resolution.

- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

You, or your attorney, may review the Division's file in this matter, and may copy by hand any material in the file, or obtain photocopies at a nominal charge. The Complainant in this matter has the same right to review the file.

## WHAT IS THE  DIVISION'S POLICY ON ADJOURNMENTS AND EXTENSIONS?

It is the Division's policy to investigate all cases promptly and expeditiously. Therefore, you are expected to cooperate with the investigation fully and promptly. No deadlines will be extended at any time during the investigation, unless good cause is shown in a written application submitted at least five (5) calendar days prior to the original deadline. Failure to comply could result in an adverse finding against you, which would be shared with, among others, the Secretary of State and the applicable State licensing agencies that govern your business.

## WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court. The case then proceeds to public hearing before an Administrative Law Judge. Under Rule 465.20 (9 N.Y.C.R.R. § 465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause. Such application should be sent to the General Counsel of the Division and to the Complainant, and Complainant's attorney, if any.

## WHAT IS A PUBLIC HEARING?

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is placed in the hearing record. It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record. The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive. Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

INFORMATION FOR RESPONDENTS
CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS
Page 3

Respondent can retain private counsel for the hearing, and, if Respondent is a corporation, is required to be represented by legal counsel. The Complainant can retain private counsel for the hearing, but is not required to do so. If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

## WHAT IS A COMPLIANCE INVESTIGATION?

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

## NOTICE PURSUANT TO PERSONAL PRIVACY PROTECTION LAW

Pursuant to the Human Rights Law, the Division collects certain personal information from individuals filing complaints and from those against whom a complaint has been filed. The information is necessary to conduct a proper investigation; failure to provide such information could impair the Division's ability to properly investigate the matter. This information is maintained in a computerized Case Management System maintained by the Division's Director of Information Technology, who is located at One Fordham Plaza, Bronx, New York, (718) 741-8365.

## PENAL PROVISION OF THE HUMAN RIGHTS LAW

The Human Rights Law contains the following penal provision:

"Any person, employer, labor organization or employment agency, who or which shall willfully resist, prevent, impede or interfere with the division or any of its employees or representatives in the performance of duty under this article, or shall willfully violate an order of the division or commissioner, shall be guilty of a misdemeanor and be punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both; but procedure for the review of the order shall not be deemed to be such willful conduct." Human Rights Law § 299.

## GENERAL INFORMATION

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. § 465) available on our website www.dhr.ny.gov. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.