```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
 THOMAS VARIO,

                     Plaintiff,
                                                              11 CV 5648 (SJ) (JMA)

          -against-                                           MEMORANDUM &
                                                              ORDER


LOCAL 14-14b OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS and
GEORGE STAMBOULIDIS,

                     Defendants.
----------------------------------------------------------X
```

A P P E A R A N C E S

LAW OFFICES OF ANTHONY J. COLLELUORI
68 South Service Road, Suite 100
Melville, NY 11747
By:     Anthony J. Colleluori
Attorney for Plaintiff

BRADY MCGUIRE & STEINBERG, P.C.
303 South Broadway, Suite 234
Tarrytown, NY 10591
By:     James M. Steinberg
Attorneys for Defendants

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
By:     George Stamboulidis

**JOHNSON, Senior District Judge:**

Plaintiff Thomas Vario ("Plaintiff" or "Vario") filed this action, alleging a violation of the National Labor Relations Act, 29 U.S.C. § 185, et seq. Plaintiff claims that the Local 14-14B of the International Union of Operating Engineers ("Union" or "Local 14") illegally denied him admission into the Union, with the assistance of George Stamboulidis ("Stamboulidis").

BACKGROUND

This case is not complicated and need not detain us long. In 2008, the United States, in an attempt to eradicate corruption in unions, filed an action against the Local 14 in this jurisdiction, styled United States of America v. Local 14-14B of the International Union of Operating Engineers, 08-CV-3046 (the "Local 14 Action"). The Local 14 Action resulted in, among other things, the entry of a Consent Decree between the Union and the government ("Consent Decree"). Pursuant to the terms of the Consent Decree, this Court appointed Stamboulidis the Ethical Practices Attorney ("EPA"), who is charged with the duty of overseeing a variety of procedures including the interviewing of officers, managers, and other administrators; the subpoenaing or hearing of testimony of any officer; commencing disciplinary proceedings, and a laundry list of such actions geared to the vetting of corruption in the Union which need not all be recounted here. Instead, the Consent Decree is hereby incorporated by reference. (Complaint ¶ 15; Dkt No. 4.)

According to the Complaint, Vario is a New York City Licensed Engineer (Hoist Machine Operator) with at least 200 days' experience on heavy equipment. In 2011, Vario applied for membership with the Union and was denied. Vario claims he was told by an unidentified individual that the denial of membership was based on alleged "Italian criminal connections." Specifically, Plaintiff's uncle, Peter Vario was denied membership based on connections to organized crime, and Plaintiff claims not only that Plaintiff enjoys only limited (i.e., only social) interaction with his uncle, which should not preclude his admission, but also that the Union unfairly discriminated against him on the basis of national origin. Defendants move to dismiss.

## DISCUSSION

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). A complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." Twombly, 550 U.S. at 544. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

*Defendant Local 14*

Plaintiff argues that Defendants breached the Duty of Fair Representation ("DFR"), which prohibits labor organizations from causing or attempting to cause discrimination. However, "the duty of fair representation can only arise when all three parties [union, employee, employer] are involved." Price v. Int'l Union, United Automobile and Agricutural Implement Workers of Amer., 795 F.2d 1128, 1134 (2d Cir. 1986). Therefore, "a matter that involves only the relationship between the union and its members and does not involve the employer is viewed as an internal union matter that does not give rise to a duty of fair representation." Id.; see also Miller v. Hotel, Motel and Rest. Employees and Bartenders Union, Local 471, AFL-CIO, 1997 WL 134847, *11 (N.D.N.Y. Sept. 18, 1990) (collecting cases).

Plaintiff offers no meaningful response to this argument, instead pointing to inapposite case law establishing that so called "free riders" ought not to benefit from union representation without paying. (Pl. Opp. at 8-9 quoting Comm. Workers of Amer. v. Beck, 487 U.S. 735, 749-50 (1988) (finding that duty of fair representation can be breached if union fee exacted from non-union workers in union shop are in excess of amount needed to finance collective bargaining).) There is no "free rider" issue apparent in the Complaint.

Nor, as Plaintiff contends, is this a "hybrid" claim, because a hybrid claim involves suit against both a union <u>and</u> an employer. <u>See</u>, <u>e.g.</u>, <u>Kaziolas v. IBEW LU 363</u>, 2012 WL 6641533, at *9 (S.D.N.Y. Dec. 11, 2012) ("A claim against an employer for breach of the [collective bargaining agreement] and a duty of fair representation ('DFR') claim against the union for its handling of grievances arising from the employer's breach is considered a hybrid § 301 claim under the [Labor Management Relations Act]."). Therefore, the action against Local 14 is hereby dismissed.

*Defendant Stamboulidis*

As to Plaintiff's case against Stamboulidis, the only specific allegations mentioning him are (1) those summarizing his duties as set forth in the Consent Decree; and (2) the allegation that Plaintiff wrote an unanswered letter to Stamboulidis "asking [him] to resolve the situation." Besides that, Plaintiff merely lumps the EPA together with Local 14 and conclusorily accuses the collective "Defendants" of discriminating against him. This is plainly insufficient as a matter of law to withstand even the broadest reading of the Complaint. Moreover, it is undisputed that the EPA enjoys "whatever privileges and immunities from personal liability [that] may exist under the law for court officers." (Consent Decree at XIV(A).) The Complaint contains no specific allegations that the EPA acted outside the scope of his authority. Therefore, Plaintiff fails to state a plausible claim against the EPA. <u>See</u>, <u>e.g.</u>, <u>United States v. Amodeo</u>, 71 F.3d 1044, 1047 (2d Cir. 1995)

(acknowledging "broad powers" granted to individuals appointed by the Court to investigate corruption); see also Delacio v. New York Dist. Council of the United Brotherhood of Carpenters & Joiners of Amer., 593 F. Supp. 2d 571 (S.D.N.Y. 2008) ("[T]rial judges would be hard pressed to secure the assistance of able individuals in demanding cases, if those individuals had to worry about being sued for damages by persons or entities affected by their conduct in discharge of duties placed upon them by the courts. This is a policy consideration closely akin to that policy which grants immunity to judges.").

Plaintiff's Complaint is therefore dismissed. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: February 21, 2013 _____/s_____
      Brooklyn, NY                   Sterling Johnson, Jr.
                              Senior United States District Judge